# Dowling *v.* Smyley.*

(Division B.   March 19, 1928. Suggestion of Error Overruled April 16, 1928.)

[116 So. 294.   No. 27011.]

---

*Corpus Juris-Cyc. References: Contracts, 13CJ, p. 544, n. 37; Customs and Usages, 17CJ, p. 519, n. 21; Evidence, 22CJ, p. 1129, n. 65; Landlord and Tenant, 35CJ, p. 1026, n. 32; 36 CJ, p. 85, n. 6.

*J. D. Arrington,* for appellant.

*S. C. Mize,* for appellee.

Argued orally by *J. D. Arrington*, for appellant, and *S. C. Mize*, for appellee.

ETHRIDGE, P. J. On the 1st day of November, 1916, O. D. Gunn leased to the appellant, J. A. Dowling, certain property in the city of Biloxi, Miss.; namely, two rooms in a building known as the Old Harrison County Bank building. The lease is in the following words:

"This agreement made this 1st day of November, nineteen hundred and sixteen, A. D. 1916, between O. D. Gunn, party of the first part, and J. A. Dowling, party of the second part, witnesseth:

"That party of the first part does hereby lease to the party of the second part, the following described property situated in the city of Biloxi, county of Harrison,

state of Mississippi, viz.: Two rooms used as a studio part of the second floor, to be used as a photograph studio in the building known as the Old Harrison County Bank building, 313½ Lameuse street, for the term of ten years. Party of the second part agrees to pay as rent for the premises the sum of twelve dollars and fifty cents, payable on the first of each month.

"Be it further agreed that, at the expiration of said lease, the party of the first part agrees to release to the party of the second part at the same rate, twelve dollars and fifty cents a month, the same part of building heretofore described.

"O. D. GUNN."

The lessee, Dowling, placed on or attached to the front of the building advertising signs which remained until after Gunn had sold the building to Miss Smyley, the appellee. The appellee purchased the property on March 11, 1925, while the said lease was pending, and after purchasing the building proceeded to make improvements on it, among which was the painting of same. She removed the signs which the appellant had on the front of the building with the exception of one containing some photographs. She further gave notice to the appellant to vacate the premises on the expiration of his ten-year lease, which the appellant refused to do. During the negotiations for the purchase of the building between Gunn and the appellee, Gunn produced for inspection copies of all the leases except that of the appellant, but told her that the appellant had a copy thereof. Subsequent to the purchase she was shown the lease of the appellant, which he insisted on renewing, and also continuing the signs on the front of the building. The appellee refused to renew the new lease or replace the signs, but brought suit for the possession of her property; whereupon the bill in the present case was filed by the appellant seeking to compel the appellee to execute a new lease for a ten-year period, in all respects similar

to the former, and to compel the appellee to restore the signs which had been taken down or painted out when painting the building, and for damages sustained for the loss of business occasioned by the removal of these signs.

The appellant undertook to prove a custom, in the city of Biloxi, among lessors of property of the kind here involved, which would permit tenants to display signs in front of the building where they had leased rooms in the rear of the building, or other parts thereof. The witnesses, however, stated that it was customary for the lessors of rooms in buildings to permit such signs to be placed in, or on the front part of, the building by the lessee, but it was not a custom of such signs to be placed in, or on the front of, the building without the consent of the lessor. The appellant testified that one of the signs was erected on the building before he moved into it; that he occupied it with such sign; and that same had been displayed continuously for more than nine years.

Mr. Gunn, the former lessor, testified that it was customary for the lessors to permit signs to be erected in the front part of the building for advertising purposes of the tenants occupying any part of the building, including the rear rooms thereof; that he did not remember whether or not a sign was placed there before the appellant entered the building, but that he consented for the signs to be erected.

The appellee testified that the lease shown her by the appellant did not contain the clause for a re-lease of the building, but the appellant testified that the lease shown the appellee was the same one introduced in evidence, and the chancellor found, as a fact, that there was only one lease executed, and the one exhibited the appellee was the one introduced in evidence. The chancellor held that this lease gave the appellant a right to a new lease for a period of ten years at the same rate contained in the one introduced in the record, above set out. He also held that, without the consent of the lessor, the appellant

was not entitled to display signs on the front part of the building because his offices or place of business was in the rear; and that the right to have and display the signs, given by the lessor, Gunn, was a mere license, revocable at the pleasure of the lessor. In the absence of any stipulation in the contract for the display of signs, and in the absence of proof of a custom in the locality to have such signs displayed as a right, we think that the lease does not confer on the appellant the right to display signs in the front part of the building, and that the displaying of such signs does not follow as an incident to such lease. As a general rule, a contract is an exponent of its own terms, and all previous understandings and agreements are merged in the contract upon being reduced to writing. Parol proof to supplement the terms of the contract cannot be admitted in the absence of a proved custom existing in the locality where the property leased is situated or where the custom prevails. Such custom must be proved by the party relying upon it, and the court will not take judicial notice of the existence of a custom in a local community. Before the court will take judicial notice of a custom, it must be so general as to attract notice throughout its jurisdiction. In the present case, the appellant sought to prove a custom, but failed so to do. In fact, we think the proof established the nonexistence of such a custom. Consequently, the right given by Gunn to erect signs was a license, as was held by the chancellor, and is revocable, and no damages will be allowed to the appellant for revoking this license.

We think, also, that the chancellor was correct in holding that the last clause of the contract, above set out, conferred the legal right upon the lessee to a new lease for a period of ten years at the same rate as under the original contract. We agree with the chancellor in his rulings and findings in this case, and the judgment is affirmed on both direct and cross-appeal.

*Affirmed on direct and cross-appeal.*