## HODGES v. JONES.

(In Banc. Oct. 23, 1944. Suggestion of Error Overruled Nov. 13, 1945.)

[19 So. (2d) 518. No. 35651.]

L. F. Easterling and P. Z. Jones, both of Jackson, for appellant.

110

W. E. Gore, of Jackson, for appellee.

114

W. E. Gore, for appellee, on motion.

L. F. Easterling and P. Z. Jones, both of Jackson, for appellee, on motion.

Smith, C. J., delivered the opinion of the court.

This action was brought in the county court by the appellee, who is the owner of the land in controversy, under sec. 948, Mississippi Code 1942, by which she seeks to recover possession of the land from the appellant, who, she says, was her tenant, holding over without any right so to do. She does not seek to recover any rent for the premises.

The appellant says that he was not a tenant of the property, but was in possession of it under contract for its purchase, and. therefore, his relation to the land was

that of a vendee thereof. The question presented, therefore, is whether the appellant was in possession of the property as a tenant of the appellee, without the right to continue in possession thereof. This question was answered by the county court in the negative. The circuit court, on appeal thereto, reversed the judgment of the county court, and by an agreement of counsel the case was then tried by a circuit judge without a jury, resulting in the above question being answered in the affirmative, and the rendition of a judgment awarding the possession of the land to the appellee.

On October 22, 1933, the appellee notified the appellant to "vacate, deliver up and quit the premises." The appellant failed to comply with this notice, but continued in possession of the land, and this action was begun on January 29, 1944.

According to the evidence for the appellee, the appellant, on October 22, 1943, was in possession of the land as her tenant, but that his right to continue possession thereof terminated with the notice to vacate given him on that day. According to the evidence for the appellant, he was then in possession of the property under a parol agreement with the appellee's husband (which agreement, we will assume, was known to, and approved by, the appellee), to convey it to him on the payment of a stipulated price therefor, a portion of which has been paid.

Both of these contentions find support in the evidence. One or the other is correct, and it matters not which, for under either of them the appellant was a tenant of the appellee. Under the appellee's contention the appellant's right to continue in possession of the property as the appellee's tenant ceased with the notice given him on that day. Under that of the appellant he was a tenant at will or sufferance, it matters not which, of the appellee, for the reason that his possession of the property was not under a deed thereto, but under a parol agreement. Ezell v. Parker, 41 Miss. 520; 35 C. J. 1137. Whether he was such prior to the notice given him in October, to vacate

the premises (in which connection see Harvey v. Daniels, 133 Miss. 40, 96 So. 746), is immaterial, since the appellee does not seek to recover rent for the land. The judgment will be affirmed.

The appellant's appeal bond stipulates that if the judgment should be affirmed he will "pay all costs and the value of the use and occupation of said land after the time of taking the appeal, and damages for waste or injuries to the land not embraced in the use and occupation, after taking the appeal," and the appellee requests that the cause be remanded to the court below for the ascertainment of the amount of the damages covered by this bond. This question has not been argued by either counsel. Consequently, no judgment will be rendered at this time for damages of any character on this bond, but counsel for the appellee may, within fifteen days from this date, file a motion for such a judgment, stating exactly what that judgment should be and referring to the sections of the Code authorizing it. This motion should be accompanied by a brief, to which counsel for the appellant may reply within ten days after its filing; the rejoinder of counsel for the appellee to be filed five days after the filing of the brief of counsel for the appellant, copies to be served in accordance with the rules of this court.

So ordered.

## ON MOTION.

**Smith, C. J.,** delivered the opinion of the court on motion.

This is an appeal by a tenant from a judgment rendered against him in a proceeding under Section 948, Code of 1942, awarding the appellee a recovery of the land withheld from her by the appellant. Pursuant to permission given in the opinion rendered herein when the case was affirmed, 19 So. (2d) 518, the appellee has filed a motion requesting us to award her five per cent damages

under Section 1971, Code of 1942, on the value of the land in controversy and since the value thereof does not here appear, to remand the case to the court below under Section 1972, Code of 1942, for the ascertainment by it of the value of the property. The appellant says, as we understand the brief of his counsel, that no such damages can be here awarded for the reason that the only interest of appellee in this land that is here involved is the rent that may have been due her by the appellant thereon, and that since no judgment was rendered in the court below for rent no damages of this character can be awarded. In this the appellant is mistaken. His claim and his contention in the court below were that he was not a tenant of the appellee but that he was in possession of the property and had the right to hold it under a contract for the purchase thereof. The court below held to the contrary and rendered a judgment that the appellee "do have of and recover from . . . J. C. Hodges the premises described as follows:" and directed that a warrant issue to the sheriff commanding him to put the appellee in possession of the premises. The interest of the appellee in this land therefore is not limited but covers all of its value. This motion will, therefore, be sustained.

As pointed out in our former opinion, "the appellant's appeal bond stipulates that if the judgment should be affirmed he will 'pay all costs and the value of the use and occupation of said land after the time of taking the appeal, and damages for waste or injuries to the land not embraced in the use and occupation, after taking the appeal,' and the appellee requests that the cause be remanded to the court below for the ascertainment of the amount of the damages covered by this bond." This motion of the appellee renews that request. This is not an appeal from a judgment in an action of ejectment with a stay of execution and therefore Sections 1165 and 1166 of the Code of 1942 have no application, and no statute has come under our observation which permits this procedure, here. If the appellee has any right or cause of

action under this provision of the appeal bond, as to which we express no opinion, it can be enforced only by an original action or suit on the bond. This portion of the appellee's motion will be overruled.

A judgment will be here rendered for the appellee on the appeal bond for five per. cent damages on the value of the land and the cause will be remanded to the court below for the ascertainment of this value in accordance with Section 1972, Code of 1942.

So ordered.