McKEITHEN *et al. v.* BUSH.

(Division B.   March 10, 1947.   Suggestion of Error Overruled April 8, 1947.   Motion Overruled April 21, 1947.)

[29 So. (2d) 310.   No. 36355.]

[30 So. (2d) 83.

Howie, Howie & McGowan, of Jackson, for appellants.

Harold Cox, of Jackson, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

Affidavit was filed in the County Court by the appellant as landlord, under Code 1942, Section 948, to re-

move appellee as a tenant. The tenant set up the lease as granting an option to extend the term.

The lease was upon a printed form and demised the premises for a term of five years from and after March 1st, 1941, at a monthly rental of $85.00. The landlord by pen interlineation added the words here italicized, "To hold for the term of 5 years from 3/1/41 to 3/1/46 *with option to rent annually at a rent not to exceed One Hundred dollars per mo.*" The issue is to be resolved by a construction of the language. The action was dismissed by the County Court and upon appeal to the Circuit Court the judgment was affirmed.

Assumption that the amendment had some purpose and meaning may safely be indulged. The interpretations discussed in the briefs are that the contract provided for (1) a renewal by a new lease, or (2) an automatic extension by timely exercise of the option. Further the term of the extension is considered as (1) a privilege to convert the lease from a five year primary term into one renewable annually at an increased rental, or, (2) an option to extend the lease for one year, or, (3) an option to extend the lease indefinitely upon annual rents.

We are of the opinion that the lease provides for an option to extend the lease upon the increased rental basis for annual terms upon due notice. There is no requirement for the execution of a new lease. The trial court found upon sufficient evidence that notice of an intent and purpose to exercise the option had been established. See Carter Building, Inc., v. Talliaferro (Miss.), 107 So. 377; Economy Stores, Inc., v. Moran, 178 Miss. 62, 172 So. 865. We can not displace his finding.

We need go no further than a finding that the trial court was correct in dismissing the ouster proceedings regardless of an interpretation of the nature and extent of the extension. Yet an interpretation of its meaning is inevitable in reviewing the former judgments. Whether the lessee could have converted the primary term into a demise upon an annual basis at any time prior to March

1st, 1946, is now moot since no attempt to do so was made. The only justiciable question is as to the right obtained by timely notice to extend the primary term. The right to "rent annually" is inconsistent with a right to rent for one year, as well as the right to extend the lease for an additional five year period. Compare Dowling v. Smyley, 150 Miss. 272, 116 So. 294; 32 Am. Jur., Landlord and Tenant, Sec. 958, p. 807.

We have examined the other points raised by the appeal, including the sufficiency of the appeal bond. Authorities supporting the trial court's judgment include Copiah Hardware Co. v. Johnson, 123 Miss. 624, 86 So. 369; Crenshaw-Gary Lumber v. Norton, 111 Miss. 720, 72 So. 140, L. R. A. 1916E, 1227; Carter Building, Inc., v. Talliaferro, supra.

Affirmed.

## On Motion.

**Griffith, P. J.**, delivered the opinion of the court on the motion.

Appellee, the tenant, was proceeded against. in the special tribunal, Secs. 947-958, Code 1942, by his landlord who alleged "that the tenant was holding over." A judgment in favor of the tenant was affirmed by this Court, and he now presents a motion to remand the case so that the trial court may fix "the value of the land in suit" and for the award of the statutory penalty of five per cent thereon as a penalty for the unsuccessful appeal, Sec. 1971, Code 1942. Appellee relies on Hodges v. Jones, 197 Miss. 107, 116, 19 So. (2d) 518, 917.

In that case the tenant contended that he was the owner of the land under a contract to purchase, and the court held that on that account the value of the land was the proper basis for the measure of damages on affirmance. In the present case the tenant made no claim that he owned the land or had any right to its ownership as land, his contention being no more than that he had a right to

renew the lease thereon. The damages, if any, in a case such as this are not to be measured on the value of the land, and as appellee has elected that value as the basis of his motion, it must be overruled.

Motion overruled.