FIRESTONE TIRE & RUBBER CO. *v.* FRIED.

(Division A. June 9, 1947. Suggestion of Error Overruled Nov. 10, 1947.)

[31 So. (2d) 116. No. 36464.]

372

ON SUGGESTION OF ERROR.

(Division A.   Nov. 10, 1947.)

[32 So. (2d) 454.   No. 36464.]

**Dent & Ward** and **Burkett H. Martin,** all of Vicksburg, and **Paul L. Raish,** of Akron, Ohio, for appellant.

**Vollor, Teller & Biedenharn and Brunini, Brunini &
Everett**, all of Vicksburg, for appellee.

378

**Vollor, Teller & Beidenharn**, of Vicksburg, for appellee, on suggestion of error.

**McGehee, J.**, delivered the opinion of the court.

On the 18th day of March, 1943, the appellant Firestone Tire & Rubber Company entered into a lease agreement with Bernard Pearl and Henry Kline as lessors, and itself as lessee, covering a certain store building and premises located in Vicksburg, described in the said lease agreement. The original time of said lease was for a term of two years after May 1, 1943, and was thereafter extended to May 1, 1946. The lease contract contained the following provision as Section 25 thereof: "First Re-fusal to Re-Lease. During Lessee's tenancy under this lease, or its renewal or extension, Lessee shall have first refusal option to renew this lease upon the same terms and conditions as contained in any acceptable bona fide offer Lessor may receive. Lessee shall have ten days after receipt from Lessor of written notice of such offer (with complete details) within which time to exercise said option."

Prior to May 1, 1946, there were certain conversations and correspondence between the parties as to the renewal

of such lease, and the correspondence discloses that the lessors, Pearl and Kline, as owners of the property in question, wanted the sum of $250 a month, double the amount which was then being paid as rent under the existing lease, as a consideration for a renewal thereof for an additional period of five years. The parties were unable to agree on this amount of rental for such renewal of the lease, since the lessee was then unwilling to pay more than $175 rent per month for the premises.

In the meantime the lessors notified the lessee in writing that it would be glad "to continue leasing you the building you now occupy for a term of five years for $250.00 a month." But the lessors did not notify the lessee that they had "any acceptable bona fide offer" from any one to lease the building at that price, by written notice of such offer (with complete details), as required by the terms of the then existing lease.

However, upon failure of the lessee to accept the offer of the lessors to rent the premises to the lessee at the sum of $250 per month, the lessors entered into a written five-year lease with the appellee herein, David B. Fried, at that price. And thereafter the appellant Firestone Tire & Rubber Company, the original lessee, verbally agreed with the appellee Fried to sublease the premises from him at the sum of $250 per month under an agreement that the same might be cancelled or terminated at any time, by either party, on due notice to the other party for not less than thirty days before the date of termination. This verbal agreement was confirmed by an exchange of letters in that behalf on January 17 and January 26, 1946, respectively. But shortly thereafter the appellant, as the original lessee of Pearl and Kline, filed a suit in the District Court of the United States Southern District of Mississippi against Pearl and Kline for the specific performance of the renewal clause contained in its original lease and for the cancellation of the lease which had been entered into between the said owners of the property and

the appellee Fried. And, of course, the appellee Fried was also a party to that suit.

Thereafter the appellee Fried brought the present suit in unlawful entry and detainer to obtain possession of the premises and to recover double rent for the period during which the appellant here had held over after notice to vacate the premises. This relief had not been sought by Fried as a party to the proceeding in the Federal Court.

Prior to the trial of this unlawful entry and detainer proceeding in the Circuit Court of Warren County the appellee Fried had sought and obtained a summary judgment in the Federal District Court wherein it was adjudicated that the appellant here, Firestone Tire & Rubber Company, was not entitled to the relief sought by it in the Federal Court proceeding. An appeal had been taken to the Circuit Court of Appeals at New Orleans by the Firestone Tire & Rubber Company from an adverse judgment rendered against it in the Federal District Court. Then, upon the trial of this case in the Circuit Court the defendant therein, appellant here, filed its plea in abatement of the unlawful entry and detainer suit, pending the final outcome of the appeal to the Circuit Court of Appeals, and a demurrer was sustained by the Circuit Court of Warren County to that plea. That action of such Court is assigned here as error.

The case proceeded to trial upon the merits and with the result that upon the basis of the conversations, correspondence and oral testimony introduced the trial court granted a peremptory instruction for the appellee and rendered a final judgment in the sum of $1,500 as single rent from May 1, 1946, to and including the month of October of said year, and the sum of $941.66 as double rent for the occupation of the premises from July 1, 1946, to the date of the judgment, for failure to vacate the same after notice given in that behalf, together with legal interest from the respective due dates of said rent amounting to the sum of $2,441.66 as principal; and

adjudicated that the value of the premises in question was the sum of $40,000, and that the appellee here was entitled to the possession of the same.

We are of the opinion that while the renewal clause in the original lease from the owners of the property in favor of the appellant here was not complied with by the lessors Pearl and Kline, the lessee therein was precluded from setting up such noncompliance as a defense to the present suit in view of the fact that it had orally agreed to sublease the premises from the appellee Fried, and later confirmed such agreement by an exchange of letters in that behalf, thereby recognizing the appellee here as its landlord prior to the institution of the suit in the Federal Court and the bringing of this suit in unlawful entry and detainer. That, therefore, we would not be justified in reversing the action of the Circuit Court sustaining the demurrer to the plea in abatement, and especially so since we are now advised by counsel for the appellant here that the appeal to the Circuit Court of Appeals at New Orleans has now been decided adversely to the appellant, and that the issues involved therein have now become moot. Nor do we think that error was committed by the Circuit Court of Warren County in the granting of the peremptory instruction in favor of appellee in the trial on the merits.

We have, therefore, concluded to affirm the money judgment in favor of the appellee appealed from and the adjudication that he is entitled to the immediate possession of the premises in question.

The remaining question to be determined is whether or not the appellee is entitled here to an award of damages of five percent on the amount of the money judgment appealed from, and an additional five per cent upon the value of the building and premises involved in the litigation, valued at $40,000.

The judgment for both single and double rent in this unlawful entry and detainer proceeding appears to have been authorized by the recent decision in the case of

Ellison v. Landry et al., 199 Miss. 161, 24 So. (2d) 319, and we are, therefore, of the opinion that the appellee is entitled to an award of five percent damages on the amount hereinbefore stated as the judgment appealed from and on the legal interest from the respective due dates of the single and double rent awarded by the said judgment, together with all costs, but not upon any rent, either single or double, which may have accrued since the rendition of said judgment. In fact, under the present state of the record we are not authorized to render judgment here for any rent which has accrued since the trial in the Circuit Court as will be hereinafter shown.

In the case of U. S. Fidelity & Guaranty Co. v. Yost, 183 Miss. 65, 183 So. 260, 185 So. 564, it as stated that "the sum of money on which the statute contemplates damages to be rendered is that which appears from the judgment to be due when the judgment was rendered, and for which a recovery was awarded. It does not contemplate damages on interest which thereafter accrues." Therefore, the recovery of the five percent damages is limited to the judgment of $2,441.66 and on the legal interest from the respective due dates of the single and double rent up to the date of the rendition of the judgment in the trial court.

As to the contention of the appellee that he is also entitled to five percent damages on the value of the property involved, which was shown to be $40,000, we are of the opinion that under Sections 1971 and 1972, Code 1942, the five percent damages in addition to that on the judgment appealed from is limited to the interest of the appellee in the property as a tenant thereof under his lease from Pearl and Kline as against his sublessee, the appellant Firestone Tire & Rubber Company; and since the value of the appellee's interest in the property in dispute does not appear in the record we are required by Section 1972, supra, to remand the cause for the assessment of the value of such interest and for the ascertain-

ment of the amount of the damages at five percent thereon.

A motion was filed here about a month ago by the appellant to have its appeal dismissed and agreeing to an award of damages at five per cent on the judgment appealed from, and also agreeing that in such event the Court here might render judgment for the single and double rent accruing since the rendition of the judgment appealed from, but in correspondence between the attorneys of the respective parties and the Chief Justice it is shown that the attorneys for the appellee were unwilling that the judgment suggested by the attorneys for the appellant should be rendered here, as above set forth, unless an additional five percent damages should be added based upon the value of the property at $40,000. Consequently, the attorneys for the appellant in reply have stated that since they been unable to work out a satisfactory agreement with opposing counsel on the question of damages the only course left is for this Court to review the record and render its opinion, which we are accordingly now doing.

Moreover, there is another reason why we can not enter a judgment here for any single or double rent which may have accrued since the rendition of the judgment appealed from, in the absence of agreement as to the amount thereof that will be due when this decision is rendered, since we are not advised as to when, if at all, the appellant may have vacated the premises since the filing of its motion on May 5, 1947, to dismiss its appeal. In order for a judgment to be valid it must be certain and definite as to the amount thereof, and no factual issue can be left to the determination of the officer whose duty it may become to issue an execution, such as the question as to when possession of the premises has been or may be surrendered, and neither single nor double rent can be recovered except for the time during which the tenant holding over is in possession of the premises in question.

It is, therefore, necessary that we merely affirm the money judgment appealed from, without prejudice to the right of the appellee to hereafter assert his right to either single or double rent which may have become due since the rendition of such judgment, allow five percent damages on the amount due at the time of the rendition thereof, that is to say on the principal and interest then due, together with any legal interest since accruded on such judgment, without damages on such interest thereafter accruing, to the date of the judgment here, and remand the cause for the assessment of the value of the interest of the appellee in the property involved, to be ascertained in the court below, in order that the five percent additional damages may be assessed and awarded on the value of such leasehold interest. It will be so ordered.

Affirmed and remanded.

**Sydney Smith, C. J.**, delivered the opinion of the court on suggestion of error.

The appellee says that two errors appear in our decision of this case, the opinion therein appearing in 31 So. (2d) 116, (1) a cross appeal taken by the appellee was left undecided, and (2) the five per cent damages awarded the appellee under Section 1971, Code 1942, should be calculated on the value of the property and not on the value of the interest therein in controversy.

(1) The matter complained of in the cross appeal was not presented to the Court below. No written instructions were given the jury at the trial, but at the close of the evidence counsel for the appellee requested the court orally ''to peremptorily direct the jury to find a verdict in his favor for the possession of the building, for the value shown in the evidence, and for the rentals due as fixed by law,'' and the Court so directed the jury. Without further instruction the jury returned the following verdict:

''We, the jury, find that the Plaintiff is entitled to the possession of the premises sued for, said premises being

of the value of $40,000.00, and the sum of $1500.00 by way of single rent from May 1st, to and including the month of October, 1946, and $941.66 additionally by way of double rent from July 1st to date, or a total of $2,441.66 as rent for said premises.''

The record does not disclose that any objection was made by the appellee to this verdict nor that any ruling was sought by him before it was rendered relating to the time of the beginning of such rent. The appellee, therefore, presented us by his cross appeal with no ruling of the Court below on which we could have acted, and therefore with nothing to decide.

(2) Construing Section 1971 and 1972, Code 1942, strictly, as we should, Canal Bank & Trust Co. v. Brewer, 147 Miss. 885, 113 So. 552, 114 So. 127, and Hawkins Hardware Co. v. Crews, 176 Miss. 434, 169 So. 767, we must hold that the damages provided by these statutes must be calculated on the value of the property if the entire interest therein is in controversy, but if not on the interest which is in controversy. The entire interest in the property here is not in controversy but only a right to hold it under a lease for a stipulated period. McKeithen et al. v. Bush, 201 Miss. 664, 30 So. (2d) 83. Cf. Hodges v. Jones, 197 Miss. 107, 116, 19 So. (2d) 518, 917.

Overruled.