476 So.2d 32 (1985)
Thelma B. PICKLE
v.
David Lee PICKLE.
No. 55660.
Supreme Court of Mississippi.
September 25, 1985.
*33 William B. Seale, Taylor & Whitwell, Southaven, for appellant.
Paul R. Scott, Wilroy, Lee & Scott, Hernando, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
Thelma and David Lee Pickle were divorced on January 26, 1982, by the decree of a Texas court. Among other things, the divorce decree ordered David Lee Pickle to pay $350 per month in child support and effected a division of their community property, including real estate. David Lee Pickle is the owner of an undivided one-half interest in certain real property in DeSoto County, Mississippi, totalling 113 acres. The Texas court also gave a judgment for Thelma Pickle in the amount of $30,750 representing her interest in community funds improperly removed from the community bank accounts by her ex-husband and the amount of delinquent temporary child support which he refused to pay while the divorce was pending.
David Lee Pickle neglected to pay any of this debt, whereupon Thelma filed a complaint on April 21, 1982, in the Circuit Court of DeSoto County asking for a judgment in the sum of $30,750 based on the Texas decree. David Lee Pickle did not answer or appear, and on June 1, 1982, a default judgment was rendered against him in the full amount of the debt.
Thelma Pickle could still get no satisfaction from her ex-husband and filed a request for execution on January 5, 1984, seeking to levy upon the 113 acres which he held in DeSoto County. A writ of execution was issued to the DeSoto County Sheriff on January 9. On January 25, David Lee Pickle executed and recorded a homestead declaration under the provisions of Mississippi Code Annotated, Section 85-3-25 (1972) selecting the 113 acres as his homestead. On February 7, 1984, counsel for David Lee Pickle appeared in the Circuit Court of DeSoto County, and made a motion for a temporary injunction. The motion alleged that the sheriff had advertised the property for sale at a public auction to occur on March 1, 1984. David Lee Pickle also prayed that the court issue a preliminary injunction barring the sale and that on a hearing this injunction be made permanent.
On February 24, 1984, the trial judge held a hearing on David Lee Pickle's motion for a preliminary injunction. On February 29 he granted the injunction and ordered it made permanent. In making this order, he found that David Lee Pickle had properly executed his declaration and was entitled to hold the 113 acres as homestead property. Further, he found that since the decree of the Texas court was not *34 an award of alimony, it was merely a money judgment and placed no specific lien on the acreage. He therefore held that the Texas decree created no rights in Thelma Pickle superior to the homestead rights of her ex-husband.
Thelma Pickle's appeal of that order is now before this Court. It is clear that David Lee Pickle is indeed entitled to claim the 113 acres as his homestead. Mrs. Pickle cites numerous cases to the contrary. All of her authority, however, is based on our old statute, which required that the claimant of a homestead exemption be a householder with a family. Appellant overlooks the fact that in 1979 the statute was amended to make householders eligible for the exemption even if they are single. The current statute, MCA § 85-3-21 (Supp. 1984), requires only that the claimant be a citizen of Mississippi, a householder and one who occupies the land in question as a residence. David Lee Pickle obviously meets these requirements as the court below recognized.
For purposes of this case, the more important question is whether or not the Texas decree created rights in Mrs. Pickle which take precedence over David Lee Pickle's homestead exemption. The court below found that it did not. Insofar as the Texas decree was based on a division of the community property, the trial judge was clearly correct. We have no statutory or common law authority for holding that a judgment based on a division of community property is not subject to the homestead exemption. It is a debt like any other.
Both sides concede that in Mississippi, the homestead exemption cannot be used to defeat an award of alimony. They have little choice since our rule in this regard is clear. Felder v. Felder's Estate, 195 Miss. 326, 13 So.2d 823 (1943). The Texas divorce decree underlying this judgment did not make an award for alimony; indeed it could not have since Texas does not allow permanent alimony. Francis v. Francis, 412 S.W.2d 29, 32 (Tex. 1967). In the present case, the appellant is essentially asking this Court to find that the Texas decree effected an award of alimony under another name. No case was found in which we have ruled that a property division incident to a foreign divorce decree constituted de facto alimony. Appellant can argue only that community property laws are intended to protect the interests of both spouses, but such an argument proves too much; virtually any property settlement incident to a divorce is intended to do that. Alimony has a definite meaning, and this Court will not go out of its way to declare something alimony simply because it is done to protect the wife's interest.
The Texas divorce decree, however, was based not only on a property division but also on David Pickle's child support arrearage. Appellee concedes that the homestead exemption does not defeat the claims for child support. Our case law bears him out; on one occasion this Court remarked that it "has distinguished the ordinary creditor and debtor relationship from child support and alimony for exemption purposes ..." Bonds v. Bonds 409 So.2d 704, 706 (Miss. 1982). Thus, insofar as the Texas judgment was based on child support arrearage, the trial judge erred in finding that the Texas judgment was merely a money judgment, like any other. Unfortunately for Mrs. Pickle, that alone does not make the judgment viable. Neither the Texas decree, nor the Mississippi judgment based on it, specifies the proportion of the debt attributable to the delinquent child support. It is merely a judgment for $30,750, the aggregate amount of the Texas judgment. Thus, there is no way of knowing to what extent the 113 acres are subject to Mrs. Pickle's claims. This Court has held that:
In order for a judgment to be valid it must be certain and definite as to the amount thereof, and no factual issue can be left to the determination of the officer whose duty it may become to issue an execution... .

Firestone Tire & Rubber Co., v. Fried, 202 Miss. 370, 384, 31 So.2d 116, 119 (1947).
*35 Because the property of David Lee Pickle is subject to the judgment only insofar as it is based on child support, and because the amount of that child support is unknown, the judgment cannot furnish a basis for a levy on Pickle's homestead property. Therefore, the circuit court's order should be affirmed, but without prejudice to Mrs. Pickle's right to institute new proceedings based on her child support rights.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
SULLIVAN, HAWKINS and ROBERTSON, JJ., specially concur.
SULLIVAN, Justice, specially concurring:
If David Lee Pickle, prior to January 25, 1984, had not selected the 113 acres in DeSoto County as his homestead, I would be most reluctant to allow him to select it at this date for the obvious purpose of defeating the judgment granted to Mrs. Pickle. I concede that that would be a decision of equity and further agree with the majority opinion that it is not the law.
It is to be hoped that if Mrs. Pickle ever successfully hurdles the obstacles placed in her path by David Lee Pickle and the prevailing law there will exist a method to award her with sufficient attorney's fees and that the total of her judgment will be preserved. In that way, not only will the law be served but there will have been thrown in a dollop of justice for good measure. In my view, that is a consummation devoutly to be wished.
HAWKINS and ROBERTSON, JJ., join in this opinion.