## No. 11,608.

### ADAMSON *v.* BOSICK.

Decided September 19, 1927.

Action on promissory note.  Judgment for plaintiff.

### *Reversed.*

1. BILLS AND NOTES—*Extension—Consideration.*  Where there was an agreement between the maker and payee of a promissory note for an extension of the time of payment, a promise to pay interest would necessarily be implied and would constitute a good and sufficient consideration for the agreement of extension.

2. *Extension—Consideration.*  Agreement of the maker of a note to let it stand and accumulate interest, held a good consideration for the extension of time of payment.

3. *Extension—Effect.*  Where there is an agreement between maker and payee to extend the time of payment of a note, the payee cannot sue, nor the maker pay, until the new maturity.

4.        *Extension.* In an action on a promissory note where the evidence
disclosed that there was an agreement for an extension of time of
payment, the maker contending that there was an extension for one
year and the payee that it was only six months, the contention,
that under this state of facts there was no meeting of the minds of
the parties and therefore no contract of extension, overruled.

*Error to the District Court of the City and County of
Denver, Hon. Charles C. Sackmann, Judge.*

Mr. A. B. MANNING, for plaintiff in error.

Mr. J. I. HOLLINGSWORTH, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

ON trial to the court Bosick had judgment against
Adamson in an action on a promissory note. The findings were general for plaintiff.

The defense was that the note was not due. The defendant testified that at its maturity, July 1, 1925, it was
extended one year; the plaintiff that it was extended
six months. The action was brought December 9, 1925,
within the six months; it is, then, immaterial which was
right.

Bosick claims that there is no evidence of consideration
for the extension, because there was no promise to continue to pay interest till the extended maturity, but we
think that when the two men agreed to the extension,
the promise so to pay such interest was necessarily implied, like rent in an extended lease, and was a good and
sufficient consideration for the agreement of plaintiff
to extend. But the real consideration here is the agreement of maker to let the note stand and accumulate interest. Such is the natural and obvious understanding
and the straightforward, usual and businesslike way to
look at the situation. The payee can no longer sue, nor

the maker pay, till the new maturity; so each receives an advantage. *Drescher v. Fulham,* 11 Colo. App. 62, 66, 68, 52 Pac. 685. Because the debtor is usually the one who especially desires an extension, we are apt to forget that the creditor may get benefit thereby as well as he. Indeed plaintiff testified that he extended the note because he had no other place to put the money.

Defendant in error makes the further point that if he understood the extension to be for six months and Adamson for a year, their minds never met and so there was no contract of extension, but the note remained due, and that, since the findings were general, we must assume that the court so found. The position would seem to be unassailable if there were evidence of a misunderstanding, but each testifies directly to an extension, one six months and the other a year, and they acted on it; the court therefore could not find that there was a misunderstanding or that there was no extension, but had to say that there was an extension either for six months or one year. In this case it was immaterial which.

Judgment reversed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.