THOMAS *v.* FIDELITY MUT. LIFE INS. CO. *et al.*

(In Banc. Dec. 20, 1943.)

[15 So. (2d) 915. No. 35499.]

Gerald Chatham and **E. J. Pollard,** both of Hernando, for appellant.

224

226

228

**Holmes & Bowdre**, of Hernando, for appellees, Fidelity Mutual Life Insurance Company and Mrs. Margaret M. Pennell.

**L. E. Farley,** of Memphis, Tenn., for appellees, R. C. Jordan and W. S. Jordan.

**Griffith, J.**, delivered the opinion of the court.

On January 1, 1924, M. S. Thomas and wife gave a deed of trust to appellee insurance company to secure the payment of four notes, due respectively on January 1, 1926, 1927, 1928, and 1929. None of the notes was paid in whole or in part, and the deed of trust was foreclosed by trustee's sale on December 17, 1932.

The trust deed contained an acceleration clause reading as follows: "If the parties of the first part fail to pay any portion of the indebtedness hereby secured, either principal or interest, as the same shall fall due . . . the owner or holder of the same may declare all of the indebtedness hereby secured at once due and payable and direct the foreclosure of this trust deed . . ."

Appellant exhibited his bill seeking to set aside and cancel the trustee's deed on the theory that, because of the acceleration clause, the entire indebtedness became due on default of the first note on January 1, 1926, and was barred by the six year statute of limitations when the trustee's sale was made. The chancellor declined to accept that view of the case and dismissed the bill. We think he was correct in so doing.

The quoted acceleration clause is not one which of its own terms advanced the due dates of all the notes upon the fact of the default in the payment of one of them, is not an absolute acceleration clause, but is one wherein the acceleration is to happen at the election or option of the holder of the indebtedness, and wherein the holder must take some such step as will evince or declare his election to that effect. It belongs to the class illustrated by Bank of Topeka v. Valf Mfg. Co., 108 Kan. 176, 194 P. 638, 195 P. 599, and others cited in the notes 34 A. L. R. 901 et seq. It does not fall within Central Tr. Co. v. Meridian Light & R. Co., 106 Miss. 431, 63 So. 575, 51 L. R. A. (N. S.) 131, and those of similar import.

The note which became due on January 1, 1926, was barred at the date of the foreclosure, but this did not affect the validity of the foreclosure as to the three notes remaining.

Affirmed.