WINTER & CO., INC. *v.* WINDHAM.

No. 39693          June 13, 1955          80 So. 2d 832

*Witherspoon & Bourdeaux,* Meridian, for appellant.

*Sam O. Buckley,* Meridian, for appellee.

HALL, J.

On February 6, 1952, appellee was indebted to appellant on open account in a sum exceeding $1,200. On that date he executed to appellant six promissory notes for $200 each, due one to six months after date respectively. Each note bore interest from date at the rate of 6% per annum and provided for a reasonable attorney's fee in the event it was placed in the hands of an attorney for collection after default in payment and if suit should be brought thereon. The first note was paid and nothing has been paid on the others. In due time suit was brought on the last five notes for the total sum of $1,000 principal, plus interest and attorney's fees. The proof is undisputed that 18% of the principal, or a total of $180, would be a reasonable fee.

Appellee defended and by way of recoupment claimed damages by reason of the breach of an alleged oral agreement to the effect that the company would continue to ship pianos to him when ordered and would draw a sight draft for the price of each piano and would add to the draft the sum of $100 to be applied as a credit on the notes. The proof is indefinite as to when such oral agreement was made. According to the testimony of one of appellee's former employees the agreement was made while he was still working for appellee, and he left appellee's employment on December 20, 1951, — over a month before the date of the notes. If this be correct, the oral agreement was merged into the written notes and the terms of the notes would apply. McInnis v. Manning, 131 Miss. 119, 95 So. 250; Dowling v. Smyley, 150 Miss. 272, 116 So. 294.

Appellee, himself, claims, however, that the oral agreement was made after the notes were given. In that event it modified the terms of the written obligation. The lower court refused a peremptory instruction requested by appellant and submitted the matter of recoupment to the jury with the result that the jury returned a verdict for appellant in the amount of $350 plus interest and attorney's fees. A motion for a new trial and for judgment for the amount sued for notwithstanding the verdict was overruled, from which action this appeal is taken.

The record shows that some payments were made after the date of the notes without any directions as to how the same should be credited, and all of these payments were credited on an open account which appellee owed appellant so as to reduce the balance thereof to $205.31. The open account is not involved in this suit.

We do not think appellee was entitled to recoup against the suit on the notes for the reason that there was no consideration for the alleged oral agreement so as to make the same binding. Therefore it did not alter the terms or extend the time of payment of the notes. In Hattiesburg Production Credit Association v. Smith, 191 Miss. 119, 1 So. 2d 768, we held that the partial payment of a written obligation, such as the payment of the first note in this case, is not a sufficient consideration for an agreement of the creditor to extend the time for payment of the balance owing because such payment is merely a partial performance of a duty already existing. The opinion in that case is supported by numerous authorities therein cited and we think it controls here. Therefore the requested peremptory should have been granted and a judgment should have been entered for the amount sued for notwithstanding the verdict.

The judgment of the lower court will therefore be reversed and judgment will be here entered in favor of appellant for $1,000 principal due on the notes, plus interest

at the rate of 6% per annum from February 6, 1952, plus $180 attorney's fees.

Reversed and judgment here.

*McGehee, C. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.