FREEMAN, et al. *v.* TRUITT.

No. 41453 April 11, 1960 119 So. 2d 765

624

*Norman C. Brewer, Jr.,* Greenwood, for appellants.

*Odom & Odom,* Greenwood, for appellee.

Kyle, J.

The appellants, J. H. Freeman, Jr., and W. C. Freeman, plaintiffs in the court below, sued the appellee, T. L. Truitt, defendant in the court below, to recover the unpaid balance due on a certain promissory note executed by the defendant, T. L. Truitt, to J. H. Freeman, deceased. The declaration was filed on June 9, 1958. The appellants are the sole heirs at law of J. H. Freeman, deceased, whose estate had been fully administered in the Chancery Court of Leflore County prior to the date of the filing of the declaration in this cause. The trial court sustained a plea of the statute of limitations, Section 722, Mississippi Code of 1942, Recompiled, holding that the plaintiffs' right of action had accrued more than six years before the filing of the suit, and was therefore barred by said statute of limitations; and final judgment was entered in favor of the defendant. From that judgment the plaintiffs have prosecuted this appeal.

The plaintiffs' cause of action was based on a certain promissory note for the sum of $1976.21, dated September 9, 1950, signed by T. L. Truitt, as maker, and payable to J. H. Freeman, or his order, and becoming due, according to the original date of maturity, on December 15, 1950. The note provided for the payment of six per cent interest per annum from date until paid and 10 per cent attorney's fee, if the note should be placed in the hands of an attorney for collection after maturity. The note was in the usual form of a negotiable promissory note,

and was payable at the Bank of Commerce, Greenwood, Mississippi. Indorsed on the note there appears the following notation:

"By agreement with Mr. J. H. Freeman, I hereby agree to liquidate this obligation at the rate of $90 per month with payments' beginning March 6, 1951 and continuing until the whole of said note and interest has been paid.

/s/ T. L. Truitt

| | | |
|---|---|---|
| 3/6/51 | Payment | 90.00 |
| 4/2/51 | Payment | 90.00 |
| 5/7/51 | Payment | 90.00 |
| 11/21/53 | Payment | 500.00 |
| 1/5/55 | Payment | 500.00" |

A copy of the note, with the above mentioned memorandum agreement endorsed thereon, was filed as an exhibit to the plaintiffs' declaration. The plaintiffs alleged in their declaration that there was still due and unpaid on said note the sum of $1428.86 plus interest thereon at the rate of six per cent per annum from January 5, 1955, together with ten per cent attorney's fee, as provided for in said note.

The defendant in his answer admitted the execution of the note, but denied that there was any amount due on said note; and by way of affirmative defense the defendant alleged and pleaded that the plaintiffs' cause of action accrued more than six years before the filing of the plaintiffs' declaration, and therefore any right of action was barred by the six-year statute of limitations, Section 722, Mississippi Code of 1942, Recompiled.

To the defendant's plea of the statute of limitations, the plaintiffs filed an answer in which they alleged the execution of the new promise to pay the note sued on in installment payments as stated in the memorandum agreement set forth above. The plaintiffs alleged that the new promise to pay tolled the statute of limitations and that said note was not barred by said Code Section 722.

By agreement of the parties the cause was heard by the trial judge without a jury, and at the conclusion of the hearing, the court took the case under advisement for a decision in vacation. After due consideration the trial judge rendered his decision and entered a judgment in favor of the defendant. The trial judge filed a written opinion which has been made a part of the record, in which he set forth his reasons for sustaining the defendant's plea of the statute of limitations. In that opinion the court stated that the writing on the back of the note was an acknowledgment of the indebtedness, and as such, moved the due date of the note from December 15, 1950, to March 6, 1951; that the statute of limitations, however, tolled or interrupted only until March 6, 1951, at which time it began to run again; and that six years thereafter, towit, on March 6, 1957, the remedy to collect the note was barred and the debt was extinguished.

The only points argued by the appellants' attorneys as grounds for reversal of the judgment of the lower court are: (1) That the trial court erred in sustaining the defendant's plea of the statute of limitations; and (2) that the trial court erred in entering judgment for the defendant, ordering that the plaintiffs recover nothing and that the plaintiffs be taxed with all costs of court. The appellee's attorneys argue, in support of the judgment rendered by the trial judge, that the extension of time for the payment of the appellee's promissory note, granted by the payee-holder, was not binding on the payee-holder because he received no new and valuable consideration therefor, and that the agreement by the appellee to liquidate the obligation which was already past due was neither a substitution for the original indebtedness nor a change in the date of maturity thereof.

We think that the learned trial judge erred in his holding that the entire debt was barred by the six-year statute of limitations. Section 722, Mississippi Code of 1942, Recompiled.

The memorandum agreement indorsed on the back of the note and signed by Truitt, by the terms of which the maker agreed to pay the obligation in monthly installments of $90 each, the first such installment to be paid on March 6, 1951, and one such installment to be paid each month thereafter until the whole of said note and interest at the rate of six per cent per annum had been paid, converted the note into an installment note providing for the payment of the indebtedness in approximately 24 monthly installments of $90 each, and a final installment of something less than $90. The maker of the note and the payee-holder had a right to agree that the amount of principal and interest should be paid in fixed monthly installments of $90 each beginning March 6, 1951.

In Anderson v. Lancaster, 215 Miss. 179, 60 So. 2d 595, the Court held that the parties may agree as to the due date of an open account, as they may agree to the due date of any other obligation, and that the statute does not begin to run until the accrual or due date of the debt. And the Court in its opinion in that case also said: ''Code Section 724 prohibits the changing of statutory limitations by contract between parties, but that statute is not applicable here. The parties did not change the limitation period, but rather established the due date of the obligation from which time the statutory limitation commences.'' In Burwell v. Planters Lumber Company, 220 Miss. 79, 70 So. 2d 71, that Court said: ''The right of the parties to establish the due date of the obligation is well settled,'' citing Anderson v. Lancaster, supra.

The agreement indorsed on the note in the case that we have here was, in our opinion, a binding agreement based on a sufficient consideration to bind both parties. Both the original note and the memorandum indorsed on the back of the note were signed by Truitt, the party charged with the payment of the note. Truitt was therefore obligated to liquidate the indebtedness in monthly installments as provided in the agreement. Free-

man was in possession of the note as the payee-holder at the time the memorandum agreement was indorsed on it. The agreement recites that it was executed by agreement with Freeman; and, having accepted the indorsement on the back of the note, Freeman was bound by its terms, and would have been precluded from denying its binding force had he undertaken to sue on the original note for the full amount of the indebtedness prior to the maturity dates of the installment payments provided for in the agreement.

In 54 C. J. S., pp. 372, 373, Limitations of Actions, par. 305, the textwriter says: "A promise to pay a preexisting debt is valid without any new consideration; the debt, or rather the original consideration for the debt, is deemed sufficient consideration to support the new promise. The moral obligation to pay a valid debt is a sufficient legal consideration for a subsequent new promise to pay it, made either before or after the bar of the statute is complete, and the new promise, based on such moral obligation, is binding on the debtor and may be shown in avoidance of the bar of the statute of limitations. Even where it is provided by statute that the completion of the period of limitations shall defeat both the right and the remedy, the former legal obligation has been held to be a sufficient consideration to uphold a new promise based thereon."

Section 66, Mississippi Code of 1942, Recompiled, expressly provides as follows: "Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time." Section 743, Code of 1942, Recompiled, provides that: "The completion of the period of limitation herein prescribed to bar any action shall defeat and extinguish the right as well as the remedy; but the former legal obligation shall be a sufficient consideration to uphold a new promise based thereon." Code section 748 provides that: "In actions founded upon any contract, an acknowledgment or promise

shall not be evidence of a new or continuing contract whereby to take any case out of the operation of the provisions of this chapter or to deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing signed by the party chargeable thereby; * * *.''

Section 264, Code of 1942, which is the first section of the Statute of Frauds, is not involved in this case. Both the original note and the installment agreement indorsed on the back of the note were signed by Truitt, the party charged with the payment of the indebtedness.

Nor is there any reason to be disturbed by any lack of consideration to bind the payee-holder. By the terms of the renewal agreement Truitt agreed to pay interest on the indebtedness until it was paid in monthly installments extending over a period of approximately twenty-four months. This was clearly beneficial to a creditor who had money to lend at a time when money lenders found it difficult to place loans bearing interest at a rate as high as six per cent per annum.

In discussing the test of a consideration for an agreement to extend the time of payment of a note, the text-writer in 8 Am. Jur., p. 34, Bills and Notes, Sec. 293, says:

> ''In order to constitute a consideration for an extension of time for the payment of the instrument, there must be a benefit to the creditor or a detriment to the debtor. The test of a consideration for an agreement to extend the payment of a note is whether the promisee did, forbore, or suffered anything in respect of the promise and whether such act, forbearance, or sufferance was of any ascertainable value or was more than he was already legally bound to do. The adequacy of the consideration is left to the discretion of the parties. However slight the benefit to the creditor or the detriment to the debtor, provided it is susceptible of legal estimation, it is sufficient.''

In this case Truitt had a right to pay Freeman the full amount due on the date the renewal agreement was executed, instead of executing the installment note; and if Truitt had tendered that amount to Freeman, Freeman would have been required to accept the payment when tendered. But after Truitt executed the memorandum agreement to pay the indebtedness in monthly installments of $90 each and to pay interest on all unpaid installments until the principal and all interest were paid in full, Truitt could not have required Freeman to accept payment of the principal in a lump sum prior to the dates of maturity of the several installments and forego his right to demand interest to the due dates of the installments. Clearly, it cannot be said that the agreement to convert the note into an installment obligation was not binding on the creditor because no benefit accrued to the creditor as a result of the agreement.

Although the contrary rule prevails in a few jurisdictions, it is generally held that an agreement or promise by the debtor or maker to pay interest to accrue in the future, during the time extended or for a fixed time, and by which he waives or relinquishes his right to discharge the debt before the expiration of the time specified, constitutes a sufficient consideration for an extension by the holder or payee. 10 C. J. S., 636, Bills and Notes, par. 160. See also, Adamson v. Bosick, 82 Colo. 309, 259 P. 513; Eilers v. Frieling, 211 Iowa 841, ?34 N. W. 275; Deerfield State Bank v. Coerber, 113 Kan. 498, 215 P. 285; Farmers' & Merchants' Nat. Bank of Cannon Falls v. Doffing, 171 Minn. 53, 213 N. W. 375; McNeill v. Simpson, Com. App., 39 S. W. 2d 835; Oliver Farm Equipment Sales Co. v. French, Tex. Civ. App., 91 S. W. 2d 887; 8 C. J., 438, Bills and Notes, par. 647 c., Note 56.

In Farmers' & Merchants' Nat. Bank of Cannon Falls v. Doffing, supra, the Court held that the acceptance of renewal notes for a definite period constitutes a definite agreement for an extension of time of payment to the

maturity of the notes. In its opinion in that case, the Court said: "It is said that the agreement for extension of time of payment is not supported by a consideration. But the agreement, in the new notes, to pay interest during that period, i.e., interest to accrue in the future, is a sufficient consideration to support the contract. 8 C. J. 438, par. 647 (c); * * * The makers' promise to keep the money for the specified time and pay interest on it must be taken as an advantage to the plaintiff."

In Conkling v. Young, 141 Iowa 676, 120 N. W. 353, the Court held that a promise or agreement by the maker to keep the money and pay the interest for an agreed definite period of time was sufficient consideration for the promise or agreement by the payee to extend the time of payment for said definite period of time. In such event the agreement or promise of each becomes the consideration for the agreement or promise of the other.

In McNeill v. Simpson, supra, the Court said: "Where the parties to a promissory note, which is past due but is unbarred by limitation, and which by its terms bears interest until paid, mutually agree to an extension of the time of payment of the note to a future date, a new contract, based upon a new consideration deemed valuable in law, arises between the parties." In Oliver Farm Equipment Sales Co. v. French, supra, the Court said: "When a debt bears interest either by convention or operation of law, the effect of an agreement by the parties thereto for an extension for a definite time is that the creditor is bound to forbear suit during the time of the extension, and that the debtor is bound to forbear to discharge his debt and thereby stop the accrual of interest before the time agreed upon. The accrual of interest in such cases is a sufficient consideration for the promise of forbearance in bringing suit."

In the case that we have here, when Truitt signed the memorandum agreement, he relinquished his right to discharge the debt by a lump sum payment at any time

and stop the accrual of interest. He agreed to pay the debt in installments extending over a period of approximately two years and to pay interest on the unpaid balance of principal during that period of time. Truitt's agreement to pay interest during the period of time covered by the installment payments was a sufficient consideration for Freeman's implied promise of forbearance in bringing suit.

The appellee's attorneys cite, in support of their contention that the extension of time for payment of the appellee's promissory note was not binding on the payee because he received no new and valuable consideration therefor, several cases involving the liability of sureties or indorsers, and also the cases of Hattiesburg Production Credit Association v. Smith, 191 Miss. 119, 1 So. 2d 168, and Winter & Company, Inc., v. E. B. Windham, 224 Miss. 844, 80 So. 2d 832. But the cases involving the liability of sureties and indorsers have no application to the facts in this case, and in neither Hattiesburg Production Credit Association v. Smith nor Winter & Company, Inc., v. E. B. Windham, had a new note been executed by the debtor and accepted by the creditor, as in the case that we have here.

Except in so far as the rule may be affected by statute, where a debt is payable in installments the general rule is that the statute of limitations begins to run as to each installment from the time when it falls due; and the creditor can recover only those installments falling due within the statutory period before the beginning of the action. The bar of the statute applies to installments which were due and unpaid for more than the statutory period. 54 C. J. S., 96, Limitations of Actions, par. 156. See also Columbian Mutual Life Insurance Co. v. Craft, 186 Miss. 234, 185 So. 225, and Thomas v. Fidelity Mut. Life Insurance Co. et al., 196 Miss. 222, 15 So. 2d 915.

Truit paid the first three installments of the renewal obligation on March 6, 1951, April 2, 1951, and May 7,

1951. He made no other payments thereafter until November 21, 1953, when he made a partial payment of $500; and on January 5, 1955, he made another payment of $500.

Section 40, Mississippi Code of 1942, Recompiled, provides as follows:

"When partial payments are made, the interest that has accrued to the time of payment, if any, shall be first paid, and the residue of such partial payment shall be placed to the payment of the principal."

 █ None of the installment payments called for in the memorandum agreement were barred at the time the two lump sum partial payments of $500 each were made on November 21, 1953, and January 5, 1955. Therefore, the proceeds of each of the two $500 lump sum payments should have been applied first, to the payment of the interest accrued on the indebtedness to the date of receipt of such partial payment, and the residue of such partial payment should have then been applied to the payment of the oldest unpaid installments of the indebtedness.

 █ The statute of limitations began to run as to each installment from the time it fell due; and the plaintiffs were entitled to recover only those installments falling due within six years before the filing of their declaration. The bar of the statute applied only to the installments which were due and unpaid for more than six years at the time of the filing of the plaintiffs' declaration. It can be readily seen that there were several unpaid installments which were not barred at the time the suit was filed, and the plaintiffs were entitled to recover the amounts due on those installments, with interest from the date of the last partial payment of $500 made on January 5, 1955, on which date accrued interest should have been credited out of the proceeds of said partial payment.

The trial judge erred in his holding that the entire debt was barred by the six-year statute of limitations on March 6, 1957, and that the plaintiffs were entitled to recover no part of said indebtedness.

The judgment of the lower court is therefore reversed and the cause remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Holmes, Ethridge* and *Gillespie, JJ.,* concur.