INZER, Justice:
This is an appeal by Meridian Production Credit Association from a decree of the Chancery Court of Lowndes County dismissing its bill of complaint seeking to be subrogated to the rights of its subrogor in a deed of trust. The chancellor held that the debt which appellant sought to enforce in a suit in equity was barred by the statute of limitations and that suit could not be maintained. We affirm.
The facts in this case are rather involved and somewhat unusual. The record reflects that on February 18, 1956, William Hugh Edwards and Mary Ella Edwards, hereinafter referred to as Edwards, conveyed to Laura P. Watkins and Tom R. Watkins 360 acres of land located in Lowndes County. Thereafter on March 19, 1957, Watkins executed a note in the principal amount of $11,500 payable to John Hancock Mutual Life Insurance Company, hereinafter called John Hancock. The note provided that it was payable in twenty annual installments of $575 plus interest, the first payment being due on January 1, 1958, and on the first day of January each year thereafter until paid in full. The note was secured by a deed of trust on the land conveyed to Watkins by Edwards.
On February 11, 1958, Edwards filed a suit in the Chancery Court of Lowndes County to set aside the deed conveying the land to Watkins. The bill of complaint recognized that the deed of trust to John Hancock was a valid lien on the land.
On March 1, 1960, after the suit by Edwards had been heard by the chancery court, but before it had been decided, Watkins executed a second deed of trust on the land securing a note payable to appellants. The note was due on December 15, 1960. On January 9, 1961, appellant became the purchaser of the land under a foreclosure sale under its second deed of trust. At the time of the sale Watkins was delinquent in the payment due John Hancock and it notified appellant that unless the installment due on January 1, 1960, and other delinquencies were paid that it would foreclose its deed of trust. On June 22, 1961, appellant paid the delinquency of Watkins on the note in the amount of $1,353.65.
On October 10, 1961, the Chancery Court of Lowndes County entered a decree can-celling the conveyance by Edwards to Watkins and vested title in Edwards subject only to the deed of trust to John Hancock.
In November 1965 the property was sold by appellees to Paul and Agnes Gentry and simultaneously with the sale the balance of the indebtedness to John Hancock was paid in full. The parties entered into an agreement that $1,700 would be placed in escrow to be distributed in accordance with a court decision relative to the claim of appellant, without prejudice to the rights' or defenses.that either party might have relative to the claim.
On January 16, 1967, appellant filed its bill of complaint setting up that it was entitled to be subrogated to the rights of John Hancock and that it was entitled to recover the amount that had been paid on behalf of Watkins to stop the foreclosure by Hancock. Appellees answered and set up in a plea at bar that the claim of appellant was barred by the statute of limitations. The chancellor held that the claim was barred by the six year statute of limitations.
Appellant urges that this action by the court was error. It contends that Section 722,' Mississippi Code 1942 Annotated (1956) is the applicable statute and it states:
All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after.
*808 Appellant contends that the statute of limitations did not begin to run until its cause of action for subrogation accrued and its right of action accrued either when John Hancock was paid in full or when payment was made by it to John Hancock. Appellant in his argument overlooks the fact that it paid an installment and interest due on January 1, 1961, by Watkins to John Hancock. The rule is well settled in this state that where a debt is payable in installments the statute of limitations begins to run as to each installment from the time it becomes due and the creditor can recover only on those installments falling due within the statutory period. Freeman v. Truitt, 238 Miss. 623, 119 So.2d 765 (1960). Assuming that appellant was entitled to be subrogated to the rights of John Hancock in the deed of trust it only acquired such rights as John Hancock had against the creditor Watkins. This, of course, included John Hancock’s right to enforce the security which it held. The difficulty here is that appellant took no action to enforce its rights until after six years from the due date of the indebtedness. Section 719, Mississippi Code 1942 Annotated (1956) provides:
When a mortgage or deed of trust shall be given on real or personal estate, or when a lien shall be given by law to secure the payment of a sum of money specified in any writing, an action or suit or other proceedings shall not be brought or had upon such lien, mortgage, or deed of trust to recover the sum of money so secured but within the time that may be allowed for the commencement of an action at law upon the writing in which the sum of money secured by such mortgage or deed of trust may be specified; and in all cases where the remedy at law to recover the debt shall be barred, the remedy in equity on the mortgage shall be barred.
The chancellor was correct in holding that appellant acquired no greater rights than those of its subrogor and that when the debt became barred appellant’s right to enforce its remedy in equity on the deed of trust was likewise barred.
We find no merit in appellant’s argument that it could take no action to enforce its rights of subrogation until after John Hancock had been paid in full. It is not necessary for us to decide whether it could have begun proceedings to enforce its right to be subrogated to John Hancock’s right in the deed of trust prior to the time that John Hancock was paid in full because appellants had the right to sue Watkins who owed the indebtedness at any time within the six years from the due date of the installment and thus toll the statute of limitations on the debt. This it failed to do and consequently when the debt became barred, it lost any rights it had insofar as the deed of trust held by John Hancock was concerned. Musser v. First National Bank of Corinth, 165 Miss. 873, 147 So. 783 (1933).
For the foregoing reasons this case must be and is affirmed.
Affirmed.
GILLESPIE, P. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.