911 So.2d 994 (2005)
Frank KERSEY and Florence J. Kersey, Appellants
v.
Clara Jones FERNALD, Appellee.
No. 2004-CA-01297-COA.
Court of Appeals of Mississippi.
September 27, 2005.
*995 Lynn Hughes Sorey, Raleigh, Stanley A. Sorey, attorneys for appellants.
Jennifer Blair, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
GRIFFIS, J., for the Court.
¶ 1. Clara Jones Fernald ("Fernald") sold real property to Elizabeth Brooks Kersey ("Elizabeth") with Elizabeth agreeing to pay the purchase price of the land to Fernald in installments. Elizabeth failed to make the required payments and deeded the property to Frank Kersey ("Frank") and Florence J. Kersey ("Florence"). Fernald ultimately sued to vacate property, to prevent unjust enrichment, and to cancel the deed. The chancellor found that Frank and Florence had been unjustly enriched and granted a judgment in favor of Fernald. On appeal, Frank and Florence assert the following errors: (1) the chancellor, after finding that a three-year statute of limitations was appropriate in this case, erred in failing to dismiss Fernald's case and (2) the chancellor erred in failing to grant Frank and Florence's motion to dismiss. We find no error and affirm.

FACTS
¶ 2. Fernald deeded land located in Smith County, Mississippi to Elizabeth. The warranty deed was prepared by Elizabeth and filed with the chancery clerk on April 10, 1995. As part of the deed, Elizabeth evidenced her agreement to pay Fernald the total amount of $20,000, in monthly installments of $200, beginning in May of 1995, for 100 payments or until the total amount was paid. No promissory note or deed of trust was executed along with the deed.
¶ 3. At the time the deed was executed, Elizabeth paid Fernald $300 in consideration. Elizabeth later paid Fernald an additional $150. Elizabeth made no further payments to Fernald. Fernald attempted to contact Elizabeth regarding the payments but was told that all communication was to go through Danny Kersey ("Danny"), who had since married Elizabeth in August of 1995. Danny is the son of appellant Frank and the stepson of appellant Florence. Danny's name was not included on the warranty deed at the time it was executed nor was his name added after the execution.
¶ 4. In September of 1996, Frank advised Fernald that he was going to purchase the real property from Elizabeth. Frank and Florence were conveyed the property by warranty deed that was executed on January 22, 1997. Payment for the deed consisted of Frank's forgiveness of several debts owed to him by Danny as well as a single check in the amount of $1,900 to Elizabeth.
¶ 5. On January 28, 2003, Fernald filed a complaint in the Chancery Court of Smith County to vacate property, to prevent unjust enrichment, and to cancel the deed. *996 The chancellor found that the matter was governed by a three-year statute of limitations and ordered Frank and Florence to pay Fernald the installments due as of January of 2000 until paid in full. The chancellor determined that Frank and Florence should be responsible for these payments based on unjust enrichment. Aggrieved by the chancellor's decision, Frank and Florence appeal to this Court.

STANDARD OF REVIEW
¶ 6. This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Denson v. George, 642 So.2d 909, 913 (Miss.1994).

ANALYSIS

I. Did the chancellor, after finding that a three-year statute of limitations was appropriate in this case, err in failing to dismiss Fernald's case?
¶ 7. In his decision, the chancellor applied a three-year statute of limitations. Both parties agree that no other statute of limitations controls. However, Frank and Florence contend that the chancellor misapplied the three-year statute of limitations and erred in failing to dismiss Fernald's case.
¶ 8. Mississippi Code Annotated Section 15-1-29 (Rev.2003) provides that:
Except as otherwise provided in the Uniform Commercial Code, actions on an open account or account stated not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three (3) years next after the cause of such action accrued, and not after, except that an action based on an unwritten contract of employment shall be commenced within one (1) year next after the cause of such action accrued, and not after.
Additionally, Mississippi Code Annotated Section 15-1-49 (Rev.2003) also provides that:
(1) All actions for which no other period of limitations is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.
(2) In actions for which no other period of limitations is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.
(3) The provisions of subsection (2) of this section shall apply to all pending and subsequently filed actions.
Under either Mississippi Code Annotated Section 15-1-29 or 15-1-49, the statute of limitations does not allow for recovery on claims filed more than three years after the cause of action accrued.
¶ 9. The contract between Fernald and Elizabeth required payments to be made to Fernald in the amount of $200 per month, for a total of 100 payments, beginning in May 1995. The payments were to be made in installments. In Freeman v. Truitt, 238 Miss. 623, 119 So.2d 765, 771 (1960), our supreme court found that:
where a debt is payable in installments, the general rule is that the statute of limitations begins to run as to each installment from the time when it falls due; and the creditor can recover only those installments falling due within the statutory period before the beginning of the action.
Fernald filed her complaint in January 2003. Thus, applying the three-year statute *997 of limitations, Fernald was entitled to collect the installments beginning in January of 2000. The chancellor limited recovery of payments to those which became due as of January of 2000, and he denied recovery of the installments which had become due prior to that date.
¶ 10. Frank and Florence contend that the statute of limitations began to run in September 1996 when Fernald was informed that Elizabeth planned to convey the property to Frank or, at the very least, on January 22, 1997 when the deed conveying the property to Frank and Florence was filed. However, such actions do not toll the statute of limitations. The deed from Fernald to Elizabeth contained a express provision that required a payment of $200 per month until the total sum of $20,000 was paid in full. Subsequently, Elizabeth executed a warranty deed to Frank and Florence which contained no such provision. None of the parties received a title opinion from an attorney on the subject property, and there was no promissory note or deed of trust executed by any of the parties to the other. Thus, the contractual language contained in the deed that set the installment payments remained in effect. There was no evidence produced to indicate that the parties agreed to cancel the deed. There was no writing which excused any party from completion of the contractual agreement contained in the deed. The debt was not cancelled and the installments remained due.
¶ 11. Upon review, we find that the chancellor properly applied the statute of limitations and limited recovery to any installment payments due within the three-year statute of limitations. The chancellor appropriately determined that the statute of limitations runs from the time that an installment payment becomes due and entered a judgment requiring Frank and Florence to pay Fernald those payments which became due as of January 2000 until the amount would have been fully paid. Therefore, we find no error.

II. Did the chancellor err in failing to grant Frank and Florence's motion to dismiss?
¶ 12. Frank and Florence contend that the chancellor erred in failing to grant their motion to dismiss. They assert that they should not be responsible for paying the remaining debt owed to Fernald.
¶ 13. In his final judgment, the chancellor found that "to not acknowledge the payment as set forth in the warranty deed from [Fernald] to [Elizabeth] [which] was in the chain of title to [Frank] and wife [Florence] would result in an inequity and an unjust enrichment by [Frank] and [Florence]." Under Mississippi law:
The doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another, the courts imposing a duty to refund the money or the use value of the property to the person to whom in good conscience it ought to belong.
Dew v. Langford, 666 So.2d 739, 745 (Miss.1995) (quoting Hans v. Hans, 482 So.2d 1117, 1122 (Miss.1986)). Frank and Florence would be unjustly enriched if they were allowed to retain possession of the property without being responsible for the remaining debt.
¶ 14. Frank and Florence argue that Frank has paid for the property in full by forgiving some debts of his son, Danny. However, any forgiveness of debt was not in writing and the deed to Frank and Florence was from Elizabeth, not Danny. *998 Danny was not the owner of the property and was not married to Elizabeth at the time the deed between Elizabeth and Fernald was executed. Danny's name was not on the deed when it was originally executed nor was his name added to the deed at any point following the execution. Thus, any of Danny's debts forgiven by Frank cannot be construed as payment or consideration for the deed from Elizabeth.
¶ 15. The chancellor did not err in determining that Frank and Florence should be responsible for any installments due to Fernald beginning in January of 2000. Frank's agreement with Danny to forgive his debts in exchange for the deed is invalid as Danny had no authority to sell or transfer the property in question. Upon review, we find no error.
¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF SMITH COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.