# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00059-COA

| | |
|---|---|
| MARION R. BELL AND KENNY L. RIVERS D/B/A RIVERBELLE LANES | APPELLANTS/ CROSS-APPELLEES |

v.

| | |
|---|---|
| DELTA PLAZA LLC | APPELLEE/ CROSS-APPELLANT |

DATE OF JUDGMENT: 12/12/2018
TRIAL JUDGE: HON. RICHARD A. SMITH
COURT FROM WHICH APPEALED: WASHINGTON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANTS: JOHN H. DANIELS III
JASON E. CAMPBELL
ATTORNEY FOR APPELLEE: R. BRITT VIRDEN
NATURE OF THE CASE: CIVIL - CONTRACT
DISPOSITION: ON DIRECT APPEAL AND ON CROSS-APPEAL: AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 06/30/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE J. WILSON, P.J., McDONALD AND C. WILSON, JJ.

### C. WILSON, J., FOR THE COURT:

¶1. This is a breach-of-contract case brought by Delta Plaza LLC (the landlord) against Kenny L. Rivers and Marion R. Bell d/b/a Riverbelle Lanes (jointly, Riverbelle) (the tenant). The Washington County Circuit Court partially granted Riverbelle's motion for summary judgment but found that Riverbelle owed Delta Plaza $84,800.00 for rent as a holdover tenant. Riverbelle appealed, and Delta Plaza cross-appealed. On direct appeal, Riverbelle contends that the circuit court should have granted its motion for summary judgment in full because Delta Plaza's claims were wholly barred by the statute of limitations. On cross-

appeal, Delta Plaza requests that we overturn and modify the circuit court's calculation of damages. Finding that there is a genuine issue of material fact regarding the damages owed by Riverbelle, we affirm the circuit court's order in part, reverse in part, and remand for further proceedings consistent with this opinion.

## BACKGROUND AND PROCEDURAL HISTORY

¶2.     On April 8, 2005, Rivers, Bell, and Delta Plaza entered a commercial lease agreement for a portion of a retail shopping center located at 800 Highway 1 South, Suite B-25, in Greenville, Mississippi. Rivers and Bell used the premises to operate a bowling alley, Riverbelle Lanes.

¶3.     The parties' lease agreement had a fifty-six month term, expiring December 31, 2009. According to the agreement, Riverbelle would pay Delta Plaza $2,250 per month from May 1, 2005, through December 31, 2005, and $3,500 per month from January 1, 2006, through December 31, 2009. But Riverbelle fell behind on its rent by August 28, 2008, and never became current again. Nonetheless, Riverbelle did not quit the premises when the lease expired by its terms on December 31, 2009. Instead, Riverbelle continued to occupy the premises for approximately seven and one-half years after the lease agreement's expiration—until May 17, 2017.

¶4.     Between August 28, 2008, and May 17, 2017, Delta Plaza sent Riverbelle four default notices, dated August 28, 2008; December 27, 2010; August 15, 2012; and April 26, 2016. In particular, the December 27, 2010 notice provided that Riverbelle had three days to become current or face legal action, but it also stated that Riverbelle could remain on the

2

premises and that Delta Plaza would "accept $2,500 per month [in rent] on a month[-]to[-]month basis." Before the circuit court, the parties did not dispute either that Riverbelle, more often than not, failed to pay rent during this time period or that the premises had certain maintenance issues, such as a leaking roof. According to the record, Riverbelle paid a total of $5,200 in rent during the three years prior to May 17, 2017. However, despite sending multiple default notices, Delta Plaza never took action to evict Riverbelle from the premises for unpaid rent.

¶5.     Approximately one month after Riverbelle quit the premises, on June 9, 2017, Delta Plaza filed the underlying complaint against Rivers and Bell (d/b/a Riverbelle Lanes) in the Washington County Circuit Court. Rivers and Bell filed separate answers as well as counterclaims against Delta Plaza. Delta Plaza answered the counterclaims and filed a motion to dismiss them. Each party filed a motion for summary judgment.[1] The circuit court heard the summary judgment motions and Delta Plaza's motion to dismiss on November 8, 2018. On December 12, 2018, the court entered an order ostensibly denying Delta Plaza's motion for summary judgment and partially granting Riverbelle's motion for summary judgment.[2]

¶6.     In its order, the circuit court found that Riverbelle was a holdover tenant pursuant to

---

[1] Bell and Rivers filed separate motions for summary judgment on behalf of Riverbelle; however, as the circuit court did in its order, we refer to their motions for summary judgment jointly as "Riverbelle's motion for summary judgment" herein.

[2] While the circuit court, by the terms of its order, granted Riverbelle's motion for summary judgment in part and fully "denied" Delta Plaza's motion for summary judgment, the court nonetheless also awarded Delta Plaza damages in the same order.

3

Mississippi Code Annotated section 89-7-25 (Rev. 2011).[3]  The court also found that the statute of limitations barred Delta Plaza from recovering any alleged damages that accrued more than three years before Riverbelle's quit date, i.e., May 17, 2017.  The court awarded Delta Plaza $84,800 in damages—thirty-six months of unpaid rent at the rate of $2,500 per month minus $5,200 previously paid by Riverbelle as rent.  The court declined to award Delta Plaza pre- or post-judgment interest or attorney's fees.  Rivers and Bell appeal on behalf of Riverbelle, contending that the circuit court should have granted Riverbelle's motion for summary judgment in full.  Delta Plaza cross-appeals, contending that the circuit court erred in its calculation of damages and in failing to award pre- and post-judgment interest and attorney's fees.

### STANDARD OF REVIEW

¶7.    Appellate courts review a circuit court's grant or denial of summary judgment de novo. *Pearl River Cty. Bd. of Supervisors v. Miss. State Bd. of Educ.*, 289 So. 3d 301, 305 (¶8) (Miss. 2020).  "Summary judgment is properly granted when 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

---

[3] Section 89-7-25 provides that

> [w]hen a tenant, being lawfully notified by his landlord, shall fail or refuse to quit the demised premises and deliver up the same as required by the notice, or when a tenant shall give notice of his intention to quit the premises at a time specified, and shall not deliver up the premises at the time appointed, he shall, in either case, thenceforward pay to the landlord double the rent which he should otherwise have paid, to be levied, sued for, and recovered as the single rent before the giving of notice could be; and double rent shall continue to be paid during all the time the tenant shall so continue in possession.

a judgment as a matter of law.'" *Estate of Johnson v. Kitchens Law Firm P.A.*, No. 2018-CA-00260-COA, 2019 WL 4024774, at \*4 (¶11) (Miss. Ct. App. Aug. 27, 2019) (quoting M.R.C.P. 56(c)), *cert. denied*, 291 So. 3d 1110 (Miss. 2020).

## DISCUSSION

### I.    *Riverbelle's Appeal*

¶8.    On appeal, Riverbelle contends that the circuit court should have granted its summary judgment motion in full for one of two reasons.  First, Riverbelle asserts that the parties' lease agreement expired on December 31, 2009, and as a result, any breach of contract claim that Delta Plaza had against Riverbelle became barred by the statute of limitations no later than December 31, 2012.  Second, Riverbelle asserts that because Delta Plaza *accepted* partial, sporadic rent payments from Riverbelle (instead of instituting proceedings against Riverbelle pursuant to section 89-7-25), Delta Plaza is entitled to "nothing further," as set forth in *Mississippi State Department of Public Welfare v. Howie*, 449 So. 2d 772 (Miss. 1984).  These issues are somewhat intertwined, so we address them together.

¶9.    To begin, the circuit court correctly found that "[t]he statute of limitations has long since passed for [Delta Plaza] to sue upon the original lease."  As Riverbelle notes, the lease agreement expired by its terms on December 31, 2009.  And "causes of action for breach of contract are subject to the three-year statute of limitations." *Archer v. Creel*, 217 So. 3d 690, 693 (¶11) (Miss. Ct. App. 2016); *see also* Miss. Code Ann. § 15-1-49 (Rev. 2012).  Accordingly, Delta Plaza was barred from suing Riverbelle for any breach of the lease agreement after December 31, 2012.

¶10.    Contrary to Riverbelle's assertion on appeal, however, the statute of limitations does not absolve Riverbelle of all liability to Delta Plaza. The circuit court correctly found that Riverbelle still owed Delta Plaza rent for a month-to-month tenancy that arose following the lease agreement's expiration. As the circuit court explained in its order, after the parties' lease agreement expired, "a month[-]to[-]month tenancy was created, [and] the statute of limitations [(for the month-to-month tenancy)] accrued or began to run as each monthly installment became due and was not paid."

¶11.    The supreme court addressed this issue in *Howie*, 449 So. 2d at 778-79, on which Riverbelle relies for its contention that Delta Plaza is entitled to "nothing further" than the rent payments that it already accepted. In *Howie*, the Mississippi State Department of Public Welfare (MSDPW) entered a lease agreement with Homer Lee Howie. *Id*. at 772. After the lease agreement expired, the MSDPW remained on the premises for an additional month. *Id*. Howie, despite demanding that the MSDPW vacate the premises upon the lease agreement's expiration, did not pursue having the MSDPW evicted or recovering "double rent" as provided for in Mississippi Code Annotated section 89-7-25.[4] *Id*. at 778. Instead, Howie accepted the MSDPW's rent payment for the extra month following the lease term's expiration. *Id*. Howie then sued the MSDPW for specific performance, requesting renewal of the parties' lease agreement due to the MSDPW's failure to quit the premises when the

---

    [4] Section 89-7-25 "requires the tenant to deliver the premises to the owner once he is notified of the termination of the lease. Failure to quit the premises at the appointed time shall make him liable for double rent which must be sued for by the landlord." *Dungan v. Presley*, 765 So. 2d 592, 598 (¶28) (Miss. Ct. App. 2000) (citing Miss. Code Ann. § 89-7-25 (Rev. 1999)).

lease's term expired. *Id*. at 772.

¶12.    The chancery court granted Howie's requested relief, finding that MSDPW had extended the lease for another one-year period by "holding over." *Id*. On appeal, the supreme court reversed the chancery court, finding that "Howie's failure to pursue the remedy of eviction [under section 89-7-25] created a month[-]to[-]month tenancy when he accepted the state's payment of the [additional month's] rent." *Id*. at 778. The supreme court further found that aside from the additional month's rent, which he had already accepted, "Howie was entitled to nothing further." *Id*.

¶13.    Here, like in *Howie*, Riverbelle created a month-to-month tenancy by holding over after the lease agreement's expiration. But this case differs from *Howie* in that Riverbelle failed to pay Delta Plaza rent for each month that it remained on the premises following the expiration of the parties' lease agreement. Contrary to Riverbelle's assertion, *Howie* does not stand for the proposition that a holdover tenant may remain on a premises "rent free" when the landlord fails to pursue the remedy of eviction or "double rent" during the holdover period, as provided by section 89-7-25.

¶14.    While *Howie* held that section 89-7-25 "was intended by the legislature to provide the sole action for damages as the result of tenant's holdover," *Howie* also held a month-to-month tenancy was created in that case, and the holdover tenant owed rent for the holdover period. *See id*. at 779 ("Therefore, Howie was entitled to no relief whatsoever, *having been paid all he was due for the* [*additional month*] *tenancy*." (emphasis added)). Put differently, the *Howie* court found that the landlord was entitled to "nothing further" because the landlord

7

had received rent due from the lessee as a result of the holdover term at issue. The same principle applies here, but in favor of Delta Plaza. Riverbelle owes Delta Plaza rent for the months that it remained on the premises, to the extent that the general three-year statute of limitations, Miss. Code Ann. § 15-1-49, had not passed by the time Delta Plaza asserted its claims. *See Meridian Prod. Credit Ass'n v. Edwards*, 231 So. 2d 806, 808 (Miss. 1970) ("The rule is well settled in this state that where a debt is payable in installments the statute of limitations begins to run as to each installment from the time it becomes due and the creditor can recover only on those installments falling due within the statutory period.") (citing *Freeman v. Truitt*, 238 Miss. 623, 119 So. 2d 765 (1960)).

¶15. Finally, we find no merit in Riverbelle's contention that Delta Plaza did not request the relief awarded by the circuit court. Although Delta Plaza's primary claim in its complaint was for breach of the lease agreement, the last line of its complaint "requests all general and equitable relief as may be granted by this [c]ourt." *See* M.R.C.P. 54(d); *see also Copeland v. Copeland*, 235 So. 3d 91 (Miss. 2017) ("If the facts alleged are broad enough to warrant relief, it matters not how narrow the specific prayer may be, if the bill contains a prayer for general relief." (quoting *Redmond v. Cooper*, 119 So. 592 (Miss. 1928))). We therefore affirm the circuit court's finding regarding liability—i.e., that Rivers and Bell are liable to Delta Plaza for unpaid rent for the three-year period prior to June 9, 2017 (the date Delta Plaza filed the underlying complaint). As for the amount of rent owed, we address Bell's contention that the circuit court erred in its assessment of damages in the following section, as this was also Delta Plaza's primary contention in its cross-appeal.

8

## II. Delta Plaza's Cross-Appeal

¶16. Delta Plaza contends on cross-appeal that the circuit court erred in calculating the damages that Riverbelle owes it. Delta Plaza asserts the damages awarded by the circuit court should be increased because the court (1) unilaterally reduced the amount of monthly rent owed to Delta Plaza by $1,000; (2) failed to grant Delta Plaza pre- and post-judgment interest; and (3) failed to grant Delta Plaza reimbursement of its attorney's fees and expenses. While we find no error in the circuit court's refusal to award Delta Plaza pre-judgment interest and attorney's fees, the circuit court erred in determining the amount of monthly rent that Riverbelle owes to Delta Plaza. Indeed, from the circuit court's order, it is not apparent how the court determined the rate of monthly rent it used ($2,500) to calculate the court's award of $84,800 for total rent owed by Riverbelle. Based upon our review of the record, the amount of monthly rent is a disputed issue of material fact, such that the circuit court should not have reached this determination at the summary judgment stage of this matter. We therefore remand the calculation of monthly rent owed to Delta Plaza as damages for further proceedings. Moreover, once reaching a final determination on this issue, the circuit court should also address post-judgment interest for any damages awarded. We examine these issues in turn.

### A. Monthly Rent

¶17. Delta Plaza first contends that the circuit court erred by reducing the amount of monthly rent allegedly owed to Delta Plaza from $3,500 to $2,500. In its order denying Delta Plaza's motion for summary judgment and partially granting Riverbelle's motion for

9

summary judgment, the circuit court found that Riverbelle owed Delta Plaza $84,800 for unpaid rent "for those months which fall within the previous three years [since Delta Plaza filed its complaint]." The court explained that it reached this amount by multiplying $2,500 by thirty-six (months), totaling $90,000, and then subtracting $5,200—the amount of rent that Riverbelle had actually paid Delta Plaza during this time period.

¶18. Although it is not clear from the record, it appears that the court based the rental amount of $2,500 per month upon Delta Plaza's December 27, 2010 default notice provided to Riverbelle. That default notice stated that Riverbelle could remain on the premises for $2,500 per month in rent. However, the circuit court cited no authority, outside of *Howie*, to support its calculation of damages. We also note that, as set forth in the circuit court's order, the majority of rent payments that Riverbelle actually made to Delta Plaza during the holdover period were payments in increments of $500.

¶19. Regardless, upon our review of the record, and mindful of the parties' briefing on appeal, it is clear that Delta Plaza and Riverbelle sharply dispute the amount of monthly rent, which creates an issue of material fact with respect to the damages at issue. In Bell's brief on appeal, Bell posits,

> Where did the $2,500[] sum come from—when that amount was never, ever paid or established? What set of facts—not in dispute—established rent at $2,500[] per month? The answer is **NONE**. . . . At best, if we are to assume that Delta Plaza is entitled to rent on an unwritten contract, then the sum for that period of time is certainly in <u>dispute</u>."

In Delta Plaza's brief on cross-appeal, Delta Plaza likewise disputes the $2,500 amount and states that "the writing relied upon by the trial court to reduce the $3,500 agreed upon

10

monthly rent [(per the lease agreement)] to $2,500 was a 2010 letter from a local property manager which was not signed by [Rivers, Bell, or Delta Plaza]." Delta Plaza accordingly requests this Court to "overturn the [circuit] court's improper reduction in rent and confirm the monthly rent owed for the three year hold over period is $3,500 per month." It is thus clear that neither side agrees to the amount of monthly rent that was owed during the three years prior to Delta Plaza filing its complaint. More importantly, the record does not reveal definitive evidence in support of the circuit court's calculation of rent, such that summary judgment on this issue was improper.

¶20. Mississippi precedent is clear that "[a] summary judgment motion is only properly granted when no genuine issue of material fact exists." *Waggoner v. Williamson*, 8 So. 3d 147, 152 (¶11) (Miss. 2009) (quoting *Jackson Clinic for Women P.A. v. Henley*, 965 So. 2d 643, 649 (¶11) (Miss. 2007)). As set forth in Mississippi Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith *if* the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show *that there is no genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law." (Emphasis added). Said differently, "[t]he [circuit] court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried." *Waggoner*, 8 So. 3d at 153 (¶13) (citing *Pollard v. Sherwin-Williams Co.*, 955 So. 2d 764, 769 (¶13) (Miss. 2007)). Viewing the evidence in a light most favorable to Delta Plaza, a genuine issue of material fact exists, and the circuit court improperly entered summary judgment as to the amount of damages owed to Delta Plaza. Accordingly, we reverse the

11

circuit court's findings on this issue and remand for further proceedings.[5]

### B. Pre- and Post-Judgment Interest

¶21. In regard to pre- and post-judgment interest, Delta Plaza contends that the circuit court "unilaterally altered the terms of the Lease Agreement and failed to award [Delta Plaza] the pre and post judgment interest owed, despite the clear and unambiguous terms of the [l]ease [a]greement. . . ." Delta Plaza relies on various breach of contract cases in contending that "interest is owed from the date of [a] breach [of contract] until the amounts owed are finally paid." But as we discussed supra, the parties' lease agreement expired in 2012, and any claim arising from the parties' lease agreement is barred by the applicable three-year statute of limitations. *See* Miss. Code Ann. § 15-1-49.

¶22. Moreover, the supreme court has clarified that

> [a]n award of prejudgment interest rests in the discretion of the awarding judge. Under Mississippi law, prejudgment interest may be allowed in cases where the amount due is liquidated when the claim is originally made or where the denial of a claim is frivolous or in bad faith. No award of prejudgment interest may rationally be made where the principal amount has not been fixed prior to judgment.

*Stockstill v. Gammill*, 943 So. 2d 35, 50 (¶31) (Miss. 2006) (quoting *Coho Res. v. McCarthy*, 829 So. 2d 1, 19-20 (¶57) (Miss. 2002) (referencing Miss. Code Ann. § 75-17-7 (Rev.

---

[5] In concluding that Delta Plaza's cross appeal on the issue of the amount of damages awarded by the circuit court merits reversal and remand, we make no finding as to the actual amount of rent owed by Riverbelle. Upon further proof, the evidence may demonstrate that the rent owed is higher, as Delta Plaza contends, or lower, as Riverbelle contends—or that the $2,500 monthly amount assigned by the circuit court in its summary judgment order is supported by the evidence to be developed. As noted, *see* supra note 1, the procedural posture of the circuit court's order is unusual because the order denied Delta Plaza's motion for summary judgment and partially granted Riverbelle's motion for summary judgment, but nonetheless awarded *Delta Plaza* the damages at issue.

2000)). While we find that Delta Plaza is entitled to rent for the months that Riverbelle remained on the premises, Delta Plaza's sole remedy to recoup additional damages beyond Riverbelle's rent payment is found in section 89-7-25, a remedy that Delta Plaza did not pursue. *See Howie*, 449 So. 2d at 778-79; *see also Dungan*, 765 So. 2d at 598 (¶28) ("The effect of *Howie* was to make section 89-7-25 the sole remedy for landlords against holdover tenants.").

¶23. While pre-judgment interest is thus not proper in this case, "the right to post-judgment interest is a statutory right [(under section 75-17-7)] and within the discretion of the ruling judge." *Miss. Baptist Health Sys. Inc. v. Kelly*, 88 So. 3d 769, 783 (¶53) (Miss. Ct. App. 2011) (citing *U.S. Fid. & Guar. Co. v. Estate of Francis ex rel. Francis*, 825 So. 2d 38, 50 (¶38) (Miss. 2002)). Accordingly, on remand, the circuit court should determine post-judgment interest to be awarded in addition to the proper damage award based on rent owed by Riverbelle.

### C. Attorney's Fees

¶24. Finally, Delta Plaza contends that the circuit court erred in failing to award it reimbursement of its attorney's fees and case expenses. Again, Delta Plaza relies on a provision from the parties' expired lease agreement and precedent regarding breach of contract claims. But Delta Plaza's claims arising from the lease agreement, including any provision therein for recovery of attorney's fees, are barred by the statute of limitations, and Delta Plaza offers no other basis to sustain an award of its fees and expenses. *See Indus. & Mech. Contractors of Memphis Inc. v. Tim Mote Plumbing LLC*, 962 So. 2d 632, 638 (¶18)

13

(Miss. Ct. App. 2007) ("Attorney's fees can only be awarded pursuant to a relevant contractual provision, statutory authority, or where punitive damages are also proper.") (citing *Hearn v. Autumn Woods Office Park Property Owners Ass'n*, 757 So. 2d 155, 164 (¶49) (Miss. 1999)). As with the pre-judgment interest issue, we find no merit in Delta Plaza's contention.

CONCLUSION

¶25. In summary, we affirm the circuit court's order as follows: (1) Delta Plaza is barred by the statute of limitations from asserting its claims arising from the parties' lease agreement, and (2) Riverbelle is liable to Delta Plaza for rent "for those months which fall within the previous three years [since Delta Plaza filed its complaint]." We also find that the circuit court did not err by declining to award Delta Plaza pre-judgment interest or attorney's fees. But we reverse the circuit court's order as to its calculation of damages owed to Delta Plaza, and we remand for further proceedings on this issue as well as for the calculation of post-judgment interest.

¶26. **ON DIRECT APPEAL AND ON CROSS-APPEAL: AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**

14