ROBERTS, J., for the Court:
¶ 1. In these two consolidated cases, the lessors of farm land failed to perfect their security interests in government payments to the lessee. However, a bank perfected its own security interest in those government payments after the lessee borrowed money. Following the lessee’s declaration of bankruptcy, the bank applied the government payments to the unpaid portion of the lessee’s loan.
¶2. The lessors sued the bank and claimed that it should have tendered the government payments to them because the lessee failed to satisfy his rent obligations. According to the lessors, regardless of the fact that they failed to perfect their security interests, the bank held the government payments under a constructive trust. The lessors also claimed that the bank was unjustly enriched when it applied the government payments to the lessee’s loan. However, the bank successfully moved for summary judgment. The lessors appeal. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 3. These two consolidated cases stem from two leases of farm land in Sunflower County, Mississippi, during the 2006 crop year. G & H Farms leased 1,100 acres from Pair A Dice Farms Inc. That lease provided that G & H was obligated to pay Pair A Dice $55,550 in March 2006 and $83,325 in December 2006. Additionally, G & H leased approximately 400 acres from two brothers and their wives; specifically, James G. Pollock Jr., Debra White Pollock, Walter B. Pollock, and Debra Pollock. G & H was obligated to pay the Pollocks $15,600 in March 2006 and an additional $15,600 in December 2006. Neither Pair A Dice nor the Pollocks (collectively “Lessors”) filed a Uniform Commercial Code (UCC) financing statement with the Mississippi Secretary of State.
¶ 4. G & H then borrowed $505,000 from InSouth Bank of Covington and executed an agricultural security agreement. As a condition of the loan, InSouth required a ninety percent guarantee by the United States Department of Agriculture (USDA). G & H also gave InSouth an interest in any payments G & H might later receive under governmental agricultural assistance programs. Additionally, InSouth received G & H’s assignment of any payments it was to receive from the USDA. InSouth perfected its security interest by filing a UCC financing statement with the Mississippi Secretary of State. Later, the USDA sent the government payments to InSouth, which then applied those payments to G & H’s loan.
¶ 5. G & H paid Pair A Dice $55,550 in May 2006 and approximately $37,000 in May 2007. As for the Pollocks, G & H paid them approximately $15,500. G & H declared bankruptcy before it paid either the Pollocks or Pair A Dice in full. G & H had also defaulted on its loan with In-South. Even after receiving payment of the USDA’s guarantee, InSouth was left with an uncollected balance of approximately $47,000.
*168 ¶ 6. In October 2008, the Lessors filed separate lawsuits against InSouth in the Sunflower County Chancery Court. In both lawsuits, the Lessors claimed they had superior liens to InSouth’s and, therefore, InSouth should have tendered the government payments to them. The Lessors also claimed that a constructive trust arose based on InSouth’s knowledge of the leases and that InSouth had been unjustly enriched by not tendering the government payments to them.
¶ 7. InSouth successfully moved for summary judgment. The chancellor found that there was no genuine issue of material fact regarding whether InSouth’s perfected lien was paramount to the Lessors’ unperfected liens. The chancellor also found no genuine issue of material fact regarding whether there was a constructive trust or whether InSouth had been unjustly enriched by not tendering the government payments to the Lessors. The chancellor resolved both issues against the Lessors and later entered separate judgments dismissing the Lessors’ complaints with prejudice. We have consolidated the Lessors’ separate appeals.
STANDARD OF REVIEW
¶ 8. The Mississippi Supreme Court has held:
This Court reviews a trial court’s grant of summary judgment de novo. When deciding whether to grant or deny summary judgment, a court must review the record before it and take all the evidence in the light most favorable to the nonmoving party. The trial court’s decision to grant summary judgment will be affirmed if the record before the Court shows that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law.
Stuart v. Univ. of Miss. Med. Ctr., 21 So.3d 544, 546-47 (¶ 5) (Miss.2009) (citations omitted).
ANALYSIS
¶ 9. The Lessors raise four separate issues, but we have combined them because they all rely on the same argument: that summary judgment was inappropriate because InSouth had actual notice of the leases before it loaned money to G & H. The Lessors further argue that Mississippi Code Annotated section 75-9-104 states that the Uniform Commercial Code, as codified in Mississippi Code Annotated section 75-9-101 et seq., does not apply to a landlord’s lien. However, the Lessors’ argument is based on an outdated version of section 75-9-104. Since January 1, 2002, Mississippi Code Annotated section 75-9-109(a)(2) (Rev.2002) has provided that “this article applies to ... [a]n agricultural lien[.]” Furthermore, Mississippi Code Annotated section 89-7-51(1) (Rev.2011) provides:
Every lessor of land shall have a lien on the agricultural products of the leased premises, however and by whomsoever produced, to secure the payment of the rent.... This lien shall be paramount to all other liens, claims, or demands upon such products when perfected in accordance with Uniform Commercial Code Article 9 — Secured Transactions ([section 75-9-101, et seq.).
(Emphasis added). Consequently, there is no genuine issue of material fact that the Lessors were obligated to perfect their liens via proper UCC filing statements.
¶ 10. However, the Lessors also claim that summary judgment was inappropriate based on the presence of a genuine issue of material fact regarding whether InSouth should have transferred the government payments to them under a *169 constructive-trust theory. The Mississippi Supreme Court has explained:
A constructive trust is one that arises by operation of law against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy.
Planters Bank & Trust Co. v. Sklar, 555 So.2d 1024, 1034 (Miss.1990) (citation omitted). <cWhen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.” Id. “[I]t is the confidential relationship plus the abuse of confidence imposed that authorizes a court of equity to construct a trust for the benefit of the party whose confidence has been abused.” McNeil v. Hester, 753 So.2d 1057, 1064 (¶ 25) (Miss.2000). “[Cjlear and convincing proof is necessary to establish a constructive trust.” Wright v. O’Daniel, 58 So.3d 694, 699 (¶ 21) (Miss.Ct.App.2011).
¶ 11. There is no evidence that there was a confidential relationship between InSouth and the Lessors. Nor is there any evidence that InSouth abused the Lessors’ confidence. Accordingly, there is no genuine issue of material fact whether InSouth should have tendered the government payments to the Lessors by virtue of a constructive trust.
¶ 12. Finally, the Lessors argue that the doctrine of unjust enrichment precludes InSouth from applying the government payments to G & H’s loan, rather than tendering them to the Lessors. Under Mississippi law:
The doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another, the courts imposing a duty to refund the money or the use value of the property to the person to whom in good conscience it ought to belong.
Kersey v. Fernald, 911 So.2d 994, 997 (¶ 13) (Miss.Ct.App.2005) (citations omitted). “The best way to determine [whether a litigant should recover damages for unjust enrichment] is to view the obvious and see whether a resulting or constructive trust may be implied under the facts of [a] case.” Hans v. Hans, 482 So.2d 1117, 1122 (Miss.1986).
¶ 13. According to the Lessors, In-South “has pocketed monies paid by the government that should have been used as rent payments.” The Lessors conclude that InSouth has, therefore, been unjustly enriched. We have already determined that there was no genuine issue of material fact regarding whether there was a constructive trust. Furthermore, InSouth presented evidence that it was entitled to apply the government payments to G & H’s unpaid loans. G & H assigned those payments to InSouth. There was no evidence to the contrary. Consequently, there was no genuine issue of material fact regarding whether InSouth was unjustly enriched when it did not tender the government payments to the Lessors. We find no merit to this issue.
¶ 14. THE JUDGMENT OF THE SUNFLOWER COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
*170 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. RUSSELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.