RANDOLPH, PRESIDING JUSTICE,
FOR THE COURT:
¶ 1. Amanda Copeland appeals ¾ Tate County chancellor’s termination of Gary Copeland’s child-support obligation to his two minor children. We affirm the chancellor’s decision, as it is supported by the record before us.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. After their divorce, Gary and Amanda were awarded joint legal custody of their minor children, with physical custody awarded to'Amanda and visitation awarded to Gary. Gary subsequently filed a Petition for Citation of Contempt and For Modification and a Motion for Temporary Relief. Gary prayed the court would, inter alia, find that there had been a substantial and material change in circumstances entitling Gary to custody of his minor children and attendant child support, inter alia, and grant any general relief deemed proper by the court.
¶ 3. During the trial on Gary’s petition and motion, his seventeen-year-old daughter ■ and thirteen-year-old son testified. Based on the children’s unwavering testimony, including responses to questions by the chancellor and explicit exhibits, the chancellor found that they no longer loved their father and they wished to terminate any relationship with him. Each child acknowledged. sending hateful emails and texts, which included expressed desires either to. kill their father or see him dead. The numerous text messages and emails admitted into evidence were filled with vitriolic invectives, expressing deep-seated anger, resentment, and ill-will not only toward their father, but also toward his parents and sister, inter alia, supporting the chancellor’s factual finding.
¶'4. After reflecting on the testimony and evidence, the chancellor decreed that:
there had been a substantial and material change in circumstances which warranted an. analysis of the Albright[1] factors, and that after such analysis, the court finds the Albright factors favor the Defendant [Amanda] retaining custody; *94 therefore, any request for modification of custody is hereby denied.
As to the child-support obligation, the chancellor decreed:
the conduct of the minor children is so egregious that the Court is hereby terminating any legal obligation of the Plaintiff [Gary] to provide support for the minor children in any manner, including, but not limited to, child support, health insurance, and medical expenses not covered by insurance, and any other form of support previously ordered by this court.
The chancellor announced from the bench that “the relationship between father and children has deteriorated to a point unlike this court has seen.” Relying on Caldwell v. Caldwell, 579 So.2d 543 (Miss. 1991), and its progeny, the chancellor concluded that the children had severed and terminated any relationship they may have had with their father. The chancellor stated that “the only time in which the children’ had any physical contact or personal contact with their father since this divorce was when they wanted something by way of money or possessions.”. The chancellor found that the children’s conduct had severed the relationship to the point that Gary was relieved legally of any support of the children. The chancellor declared that he was “well aware that the case must be extreme in order to take this action, and I believe that it is.” Yet the .learned chancellor also left the door open for reconciliation and expressed his willingness to reconsider the resumption of child support. He found that'“[t]he issue of child support may be revisited in the future,' should the relationship between the Plaintiff and the minor children be amended.”
ANALYSIS
¶ 5. Amanda appealed, arguing that the chancellor’s order abating Gary’s support obligation was, in error because (1) the chancellor was manifestly wrong in granting relief that was not requested; (2) the children’s animosity towards their .father existed at the time of the divorce; and (3) the chancellor’s decision was not supported by the evidence. The standard of review in child-custody cases is well-settled:
This Court employs a limited standard of review in child-custody cases and will “affirm findings of fact by chancellors .., when they are supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous or,an erroneous legal standard was applied.” Borden v. Borden, 167 So.3d 238, 241 (Miss. 2014). Additionally, “findings of fact made by a chancellor may'not be set aside or disturbed upon appeal if they are supported by substantial, credible evidence.” Marascalco v. Marascaleo, 445 So.2d 1380, 1382 (Miss.1984).
Carter v. Carter, 204 So.3d 747, 756 (Miss. 2016).
I. The chancellor did not err by . granting relief that was not specifically requested.
¶ 6, In his pleadings, Gary sought the following relief:
5. There has been a substantial and material change in ■ circumstances since the entry of the prior Order of this Court which adversely affects the minor children of the parties to wit: .,. specifically,-the prior Order should be modified to grant custody of the minor children to Plaintiff, and with regard to visitation, child support, and income tax exemptions.
*95 7. The Plaintiff is entitled to such other, different, or general relief as the evidence shows proper, .. .[2] ,
The pleadings raised the issue of financial support for the children, inter alia. See Brennan v. Brennan, 638 So.2d 1320, 1325 (Miss. 1994) (When a party submits for the court’s consideration the issue of child support, he submits all issues pertaining to the subject of that support),
¶ 7. Additionally, Rule 54(c) of the Mississippi Rules of Civil Procedure reads in pertinent part that “... every final judgment shall grant the relief to. which the party in whose favor it is rendered, is entitled by the proof and which is within the jurisdiction of the court to grant, even if the party has not demanded such relief in his pleadings....” M.R.C.P. 54(e) (emphasis added). Furthermore, in Redmond v. Cooper, 151 Miss. 771, 119 So. 592 (1928), this Court affirmed a chancellor’s decree and held that:
A prayer for general relief is as broad as the equitable powers of the court. Under it, the court will shape its decree according to the equities of the case, and, broadly speaking, will grant any relief warranted by the allegations of the bill, whether it is the only prayer in the bill, or whether there is a special prayer for particular and different relief; and defects in the special prayer are usually cured by a general prayer. If the facts alleged are broad enough to warrant relief, it matters not how narrow the specific prayer may be, if the bill contains a prayer for general relief. The prayer for general relief serves tó aid and supplement the special prayer by expanding the special relief sought, so as to authorize further relief of the same nature. It may also serve as a substitute ■for the prayer for special relief, and authorize relief of a different nature when that specially prayed is denied.
Redmond, 119 So. at 593 (quoting 21 C. J. 679, ¶ 858).
¶ 8. Whether we analyze this issue under the specific request concerning child support or, alternatively, under the general request for relief, Gary prevails. Accordingly, we find that the chancellor neither abused his discretion nor ápplied an erroneous legal standard. His judgment complies with our laws.
II. The chancellor did not err in determining the children’s conduct was an after-arising material change in circumstances.
¶ 9. Child-support changes are warranted “where there is a showing of an after-arising material change in circumstances regarding one or more of the interested parties, i.e., the father, mother, or child,” Setser v. Piazza, 644 So.2d 1211, 1215 (Miss. 1994) (citing Gregg v. Montgomery, 587 So.2d 928, 931 (Miss. 1991)). The change in circumstances “must have been unanticipated by the parties at the time the child-support judgment was entered.” Ravenstein v. Ravenstein, 167 So.3d 210, 218 (Miss. 2014) (citing McEwen v. McEwen, 631 So.2d 821, 823 (Miss. 1994)). Upon review of the record, we cannot say that the chancellor committed manifest error in finding a material change in circumstances. Even if, as Amanda ar *96 gues, the children were hostile to Gary before the divorce decree was entered, Gary presented substantial evidence of a fervid increase in the children’s hostility after the divorce. For these reasons, we find this issue to be without merit.
III. The chancellor’s termination of Gary’s child-support obligation was supported by the evidence.
¶ 10. The holdings in similar cases illustrate the Herculean balancing act which is required of our chancellors. The outcome in each of the similar cases rested upon the issues raised and joined by the parties and the specific facts presented at those trials. The varied holdings in like cases reveal that our chancellors astutely recognize the task before them before announcing their final judgments. Such balancing acts are part of the foundation upon which our deferential standard of review must lie. Our review of findings of facts is highly deferential to the chancellors, for only he or she has heard the live testimony and observed the witnesses firsthand. We then determine whether the findings of facts support the conclusions of law. In today’s case, they do.
¶ 11. In this case, the chancellor not only provided a sound legal basis for his ruling, but rendered detailed factual findings before he decreed that the children had forfeited their right to financial support from Gary based on their “clear and extreme” conduct and behavior. In his ruling from the trial bench, he stated:
The children through emails and text messages, as well as in-court testimony, have referenced their hatred and their unwillingness to have a relationship with them natural father. They have sent vicious, venomous, and hateful emails and texts directed especially to him over and over and over again expressing their distaste, lack of love, and, in fact, their hatred for him to the point that they wish that he, in fact, were dead, or under certain circumstances, that they would kill him.
[[Image here]]
The Court finds based upon the actions of the children in this case at bar, that under the parameters set forth in Caldwell v. Caldwell, they have taken the position as young as they may be, to completely terminate any relationship which they may have with their father and them. The Court is extremely cognizant that the right of visitation of a party is a very precious right to be protected and only in extreme cases— clear and extreme cases sufficient to constitute a forfeiture of child support should that remedy be invoked.
In this case based upon the evidence presented where the children who have been supplied with their own computers and their own cell phones and sufficiently encouraged or at least unencouraged by the mother have set forth that their relationship should not continue.
The chancellor reviewed numerous texts and emails from the children to their father, expressing an intense hatred of their father. Even then, the chancellor afforded the children an opportunity to repudiate the texts and emails during their live testimony. Each child rejected this invitation and confirmed his or her convictions as to how he or she felt about their father. The chancellor, being the only one to view the witnesses and observe their demeanor, is in the best position to determine if the actions and conduct of the minor children were convincingly clear and extreme, warranting a termination of child support.
¶ 12. This Court in Caldwell held that a minor child could “forfeit his support from a noncustodial parent,” if the child’s conduct was “clear and extreme.” Caldwell, 579 So.2d at 548. We find no error in the *97 chancellor’s findings that the children’s clear and extreme conduct forfeited their right to support from their father.
¶ 13. We are ever-mindful of the sage advice restated by Justice Maxwell (then a Court of Appeals judge in a case addressing forfeiture). “When reviewing a chancellor’s decision to terminate a parent’s financial obligations to his or her child, we do not ask if the decision is the same one we would have made. Rather, we are instructed to give the chancellor deference and ask whether the decision was one the chancellor could have made.” Stasny v. Wages, 116 So.3d 195, 196 (Miss. Ct. App. 2013).[3]
¶ 14. While the Legislature through statutes has expanded the common-law obligation(s) to pay child support, the statutes singled out by the dissent are not the only or exclusive statutes addressing child support. See also Miss. Code Ann. §§ 93-5-23, 93-5-24, 93-5-34, 93-7-7, 93-9-35, 93-11-65, 93-11-69, and 93-11-71 (Rev. 2013). Nor is the full body of our law found in statutes. Courts must always be vigilant neither to read statutes to override the constitutional restrictions imposed on the various magistrates by Article 1, Sections 1 and 2 of the Mississippi Constitution, nor to interfere with the constitutional authority of chancellors found in Article 6, Section 159.
¶ 15. The dissent observes that the chancellor did not reference Sections 43-19-101 and 43-19-103 of the Mississippi Code in his ruling. We do not dispute that observation, but those sections have no relevance here.[4] Once the chancellor determined that, based on the clear and extreme conduct of the children, child support was forfeited, computing an amount of child support using the formula provided by the guidelines is irrelevant. It is a non sequi-tur to require a chancellor to apply irrelevant guidelines effecting the amount of child- support, when the same chancellor has decreed the duty to pay child support no longer exists. All child support statutes clearly have purpose and should be consulted in all cases to determine an'appropriate amount of child support when child support is due. In this case, no child support is due.
¶ 16. The only issues presented to this Court by the parties were: ■ (1) was the chancellor manifestly wrong in granting relief that was not requested; (2) did the children’s animosity toward their father exist at the time of the divorce; and (3) was the chancellor’s decision supported by the evidence. Neither party requested that the chancellor apply Sections 43-19-101 or 43-19-103.
¶ 17. This issue was not presented to the trial court, nor was this issue raised in the original appellate briefs. “This Court may not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record.” Shelton v. Kindred, 279 So.2d 642, 644 (Miss; 1973). Following this Court’s well-established precedent, as these issues were not raised by the parties, we decline to further address them.
*98 ¶ 18. There is no question that a chancellor has the authority to terminate child support. In this case, the chancellor made clear findings on the record as to why the children had forfeited Gary’s financial support.
CONCLUSION
¶ 19. Thus, we find .that the chancellor did not abuse his discretion, was not manifestly wrong or clearly erroneous, and did not apply an erroneous legal standard. The chancellor’s findings of fact were supported by substantial and credible evidence. We affirm.
¶ 20. AFFIRMED.
WALLER, C.J., MAXWELL, BEAM AND CHAMBERLIN, JJ„ CONCUR. COLEMAN, J., CONCURS IN PART ’ AND IN RESULT WITH SEPARATE WRITTEN OPINION JOINED IN PART BY RANDOLPH, P.J., AND MAXWELL, J. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND KING, JJ.; COLEMAN, J., JOINS IN PART.

. Albright v. Albright, 437 So.2d 1003 (Miss. 1983).

. Gary requested the same relief again'in his prayer for relief:
(e) That the Court modify the prior, Order(s) to grant custody of the minor children to Plaintiff, and with regard to visitation, child support, and income tax exemptions;
[[Image here]]
(g) That the Court should grant Plaintiff such further, different, or general relief as the Court finds proper upon the evidence when this cause comes on to be heard; ...

. The Court of Appeals affirmed the chancellor's findings that the child’s actions were clear and extreme to a degree to justify forfeiting parental support. Stasny, 116 So.3d at 198.

. The applicability of these same sections has not been raised in a single case before this Court or the Court of Appeals addressing termination of child support. See Dep't of Human Servs. v. Marshall, 859 So.2d 387 (Miss. 2003); Caldwell, 579 So.2d 543; Stasny, 116 So.3d 195; Dykes v. McMurry, 938 So.2d 330 (Miss. Ct, App. 2006); Roberts v. Brown, 805 So.2d 649 (Miss. Ct. App. 2002).